987 So.2d 277 (2008)
Prince P. COURSE, Sr.
v.
FOX WOLFF CONSTRUCTION.
No. 08-CA-58.
Court of Appeal of Louisiana, Fifth Circuit.
May 27, 2008.
*278 James B. Guest, Attorney at Law, Kenner, Louisiana, for Plaintiff/Appellant.
Kevin A. Marks, Kimberly M.A. Nieting, Galloway, Johnson, Tompkins, Burr & Smith, Attorneys at Law, New Orleans, Louisiana, for Defendant/Appellee.
*279 Panel composed of Judges EDWARD A. DUFRESNE, JR., CLARENCE E. McMANUS, and FREDERICKA HOMBERG WICKER.
CLARENCE E. McMANUS, Judge.
Claimant, Prince P. Course, Sr., filed his disputed claim for compensation, alleging that he was a "roll off" truck driver in the employ of defendant Fox Wolff Construction. He alleged that he was seated in the truck at a landfill, and while attempting to dump a load the truck flipped on its side. As a result, he was thrown around in the truck cab, causing injury. Defendant filed a motion for summary judgment, alleging that claimant was an independent contract not engaged in manual labor at the time of the accident, and therefore not entitled to worker's compensation benefits. After a hearing, the trial court rendered judgment granting defendant's motion for summary judgment and dismissing claimant's action. Claimant filed this timely appeal. For the reasons that follow, we affirm the decision of the trial court.
A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). The summary judgment procedure is favored and "is designed to secure the just, speedy, and inexpensive determination of every action...." La. C.C.P. art. 966(A)(2).
Appellate courts review summary judgments de novo, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. Goins v. Wal-Mart Stores, Inc., 01-1136 (La.11/28/01), 800 So.2d 783. We ask the same questions as the district court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Ocean Energy, Inc. v. Plaquemines Parish Government, 04-0066 (La.7/6/04), 880 So.2d 1.
Ordinarily, an employee's exclusive remedy against his employer for an on-the-job injury is worker's compensation. LSA-R.S. 23:1032. LSA-R.S. 23:1044 provides that "a person rendering service for another in any trades, businesses or occupations covered by this Chapter is presumed to be an employee under this Chapter," thereby creating a statutory presumption of employment status. Hillman v. Comm-Care, Inc., 01-1140 (La.1/15/02), 805 So.2d 1157. It is the employer's burden to overcome the presumption. Whitlow v. The Shreveport Times, 02-1215 (La.App. 3 Cir. 4/23/03), 843 So.2d 665. An alleged employer can overcome the presumption by either establishing that the services were not "pursuant to any trade, business or occupation" or by establishing that the individual was performing services as an independent contractor. Whitlow, supra, citing 1 Denis Paul Juge, Louisiana Workers' Compensation, § 7:6.
An independent contractor had been defined by LSA-R.S. 23:1021:
As used in this Chapter, unless the context clearly indicates otherwise, the following terms shall be given the meaning ascribed to them in this Section:
* * *
(7) "Independent contractor" means any person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or as a whole, under the control of his principal as to results of his work only, *280 and not as to the means by which such result is accomplished, and are expressly excluded from the provisions of this Chapter unless a substantial part of the work time of an independent contractor is spent in manual labor by him in carrying out the terms of the contract, in which case the independent contractor is expressly covered by the provisions of this Chapter. The operation of a truck tractor or truck tractor trailer, including fueling, driving, connecting and disconnecting electrical lines and air hoses, hooking and unhooking trailers, and vehicle inspections are not manual labor within the meaning of this Chapter.
The distinction between employee and independent contractor status is a factual determination, made on a case-by-case basis, taking into consideration the total economic relationship between the parties and the various factors weighing either in favor of or against an employer-employee relationship. Elmore v. Kelley, 39,800 (La. App. 2 Cir. 7/29/05), 909 So.2d 36.
In determining whether the relationship is one of principal and contractor, the courts consider the following factors:
1. There is a valid contract between the parties;
2. The work being done is of an independent nature such that the contractor may employ non-exclusive means in accomplishing it;
3. The contract calls for specific piecework as a unit to be done according to the independent contractor's own methods without being subject to the control and direction of the principal, except as to the result of the services to be rendered;
4. There is a specific price for the overall undertaking; and
5. Specific time or duration is agreed upon and not subject to termination at the will of either side without liability for breach.
Hickman v. Southern Pacific Transport Company, 262 La. 102, 262 So.2d 385 (1972); Whitlow, supra at 668.
The most important element is the right of control and supervision over an individual. It is not the supervision and control which is actually exercised which is significant; the important question is whether, from the nature of the relationship, the right to do so exists. Elmore, supra.
In this case, the undisputed facts reflect that claimant responded to an advertisement in the newspaper for a "roll" off truck driver with experience, and that he was hired by Fox Construction. Claimant was paid on a job by job basis, with the value to be determined by the amount of hours it took to complete the job, at a rate of $20.00 per hour. He was paid only for the work he did. Claimant was given the location of the pickup site and the dump site, and he determined the route to get from each point. Claimant could choose the jobs he wanted to do. He performed no manual labor for the company. Claimant received no benefits or vacation time from Fox Wolff Construction and he was issued a Form 1099, not a W-2, at years end.
The trial court in ruling on defendant's motion for summary judgment, urging that claimant was an independent contractor, was well founded. Accordingly, claimant is not entitled to collect worker's compensation benefits from Fox Wolff Construction. Based on the undisputed evidence, we find that the trial court did not err in granting the motion for summary judgment and in dismissing Mr. Course's disputed claim for benefits.
*281 For the above discussed reasons, the decision of the worker's compensation court is affirmed.
AFFIRMED.