COHEN, J.
Michael Montijo appeals his conviction for manslaughter with a deadly weapon. His charges for second-degree murder and aggravated assault with a deadly weapon arose from a road rage incident that was set off when Montijo, distracted by talking on his cell phone, cut in front of a car containing Hunter Rosier and three friends. The car followed Montijo into a Steak n’ Shake parking lot and its occupants, highly agitated, cursed and screamed at Montijo. Following a verbal confrontation, Montijo retreated into the Steak n’ Shake and the staff locked the door behind him. The account of the subsequent events leading to Rosier’s death varied depending upon who was testifying — Montijo, one of the restaurant patrons, or Rosier’s friends. Suffice it to say, no two accounts were entirely consistent because many of the witnesses had been drinking. What is clear, however, is that Montijo fatally stabbed Rosier, allegedly in self-defense, and there was testimony supporting his defense.[1]
Montijo challenges various aspects of the instruction on the justifiable use of deadly force read and provided to the jury. We find no error in the instruction regarding the duty to retreat and its juxtaposition to an individual’s right to stand one’s ground when confronted with the use of force, as set forth in section 776.013(3), Florida Statutes. What is problematic was the portion of the instruction referencing the burden of proof. The trial court’s instruction on the justifiable use of deadly force was patterned on Florida Standard Jury Instruction (Criminal) 3.6(f) and, in relevant part, read:
An issue in this case is whether the defendant acted in self-defense. It is a defense to the offense with which Michael V. Montijo is charged if the death of Hunter Rosier resulted from the justifiable use of deadly force.
“Deadly force” means force likely to cause death or great bodily harm.
[[Image here]]
A person is justified in using deadly force if he reasonably believes that such force is necessary to prevent
1. imminent death or great bodily harm to himself or another, or
2. the imminent commission of Aggravated Battery against himself.
To prove the crime of Aggravated Battery, two elements must be proven beyond a reasonable doubt. (Emphasis supplied).
Montijo argues the trial court committed fundamental error in giving the instruction *426 because it improperly shifted the burden to him to establish beyond a reasonable doubt that Rosier was attempting to commit an aggravated battery on him. Monti-jo is relegated to arguing fundamental error because, as the State points out, he did not timely object to the instruction and, therefore, did not preserve the error for appellate review.
As set forth in Martinez v. State, 981 So.2d 449 (Fla.2008),[2] giving an erroneous jury instruction on an affirmative defense is not per se fundamental error. The issue is whether the error
“reach[ed] down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.” In other words, “fundamental error occurs only when the omission is pertinent or material to what the jury must consider in order to convict.”
Id. at 455 (citations omitted).
In determining this issue, we initially reject the State’s argument that the instruction did not specify who had the burden of proving the elements of aggravated battery.[3] Read in context, it is evident the jury would have understood that Montijo shouldered that burden. Indeed, as an affirmative defense, Montijo had the burden of coming forth with some evidence to support giving the instruction. This could have been accomplished in a variety of ways, including the direct and cross-examination of the witnesses or it may have been inherent in the presentation of the State’s case. The evidence necessary to support giving the justifiable use of force instruction, however, did not need to rise to the level of beyond a reasonable doubt. See Murray v. State, 987 So.2d 277, 279 (Fla. 4th DCA 2006).
The defendant in Murray was charged with aggravated battery and asserted that his use of force was necessary to prevent his roommate’s commission of an aggravated battery. Similar to this case, the trial court instructed the jury that Murray had to prove the elements of aggravated battery beyond a reasonable doubt. Likewise, as in this case, the jury was instructed that if there was a reasonable doubt about whether or not Murray was justified in using deadly force, they should find him not guilty. In reversing the conviction, the court noted that Murray “laid upon himself a requisite of producing evidence of the additional facts necessary for his defense of justification.” Id. It further questioned the nature of that burden:
But, with these additional facts, did he also incur a “burden of proof’ identical to the State’s? That is, did he have to prove the additional facts for self-defense beyond a reasonable doubt? Or was he instead bound by some lesser standard-say, the greater weight of the evidence? Indeed, how about something even less onerous than that? Was he merely obligated to lay the additional facts before the jury, without any burden as to the strength of their probative value-other than they might be true?
*427 The answer is this. No, he did not have to prove self-defense beyond a reasonable doubt. He did not have to prove even that his additional facts were more likely true than not. The real nature of his burden concerning his defense of justification is that his evidence of additional facts need merely leave the jury with a reasonable doubt about whether he was justified in using deadly force. Hence, if he wanted his self-defense to be considered, it was necessary to present evidence that his justification might be true. It would then be up to the jury to decide whether his evidence produced a reasonable doubt about his claim of self-defense. '

Id.

We agree with this analysis. When a defendant claims self-defense, the State maintains the burden of proving the defendant committed the crime and did not act in self-defense. See id.; Mosansky v. State, 33 So.3d 756, 758 (Fla. 1st DCA 2010). The burden never shifts to the defendant to prove self-defense beyond a reasonable doubt. Rather, he must simply present enough evidence to support giving the instruction.
In the case at bar, Montijo’s only defense was self-defense. The testimony, viewed in the light most favorable to him, established that Rosier was a large individual who followed Montijo’s car into the Steak n’ Shake parking lot and was aggressive during the confrontation. This was sufficient evidence to merit giving the justifiable use of deadly force instruction. We understand how a jury could reject the self-defense claim because Montijo knew the police were on their way but returned to the parking lot, leaving the buffer of a locked door separating him and Rosier. However, Montijo was entitled to have the jury correctly instructed on self-defense. In the instant case, when instructing on the aggravated battery prong of the self-defense instruction, the trial court should have omitted reference to any burden of proof, instead simply instructing on the requisite elements.[4] The inclusion of the phrase “beyond a reasonable doubt” in the jury instruction placed the burden upon Montijo to prove self-defense, depriving him of a fair trial and rising to the level of fundamental error. Accordingly, we reverse.
REVERSED.
EVANDER and JACOBUS, JJ., concur.

. Montijo also contends the trial court erred in failing to postpone the conclusion of the trial until a witness he subpoenaed, who unexpectedly failed to appear, could be secured. Given our disposition of the remaining issues raised on appeal, it is unnecessary to address this issue.

. In Martinez v. State, 981 So.2d 449 (Fla.2008), the supreme court addressed a different provision in the justifiable use of deadly force instruction: the requirement of an independent forcible felony separate and apart from the offenses with which the defendant was charged.

. We also reject the State’s suggestion that any error in giving the jury instruction was harmless because Montijo's theory of self-defense was that he had to use force to prevent death or great bodily harm, not due to a fear of an imminent, aggravated battery. In its closing argument, the State argued that there was no evidence of an imminent commission of an aggravated battery against Montijo, thereby implicating this portion of the instruction.

. We commend this issue to the Florida Supreme Court — Jury Instructions Committee (Criminal).