PER CURIAM.
William Alvarado appeals the judgment rendered after the jury returned a verdict finding him guilty of attempted second-degree murder and shooting into a vehicle. Defendant argues that the jury instruction given by the trial court on self-defense improperly shifted the burden of proof to him, depriving him of his sole defense and creating fundamental error requiring re *81 versal. Defendant argues fundamental error because he did not object to the jury instruction.
At the conclusion of closing arguments, the trial court gave instructions on the charged offense, the lesser-included offenses, and the definitions. The trial court then began instructing on self-defense. It gave the instruction on deadly force and thereafter instructed on aggravated assault:
The use of deadly force is justifiable only if the defendant reasonably believes that the force is necessary to prevent imminent death or great bodily harm to himself while resisting: One, another’s attempt to murder him, or; two, any attempt to commit aggravated assault upon him, or; three, any attempt to commit aggravated assault upon him or in any dwelling, residence, or vehicle occupied by him.
Aggravated assault is defined as follows: To prove the crime of aggravated assault, the following four elements must be proven beyond a reasonable doubt. The first three elements define assault:
[The victim] intentionally and unlawfully threatened, either by word or act, to do violence to [Defendant]; two, at the time, [the victim] appeared to have the ability to carry out the threat; three, the act of [the victim] created in the mind of [Defendant] a well-founded fear that the violence was about to take place; four, the assault was made with a deadly weapon.
(Emphasis added). No objection was made to this jury instruction. The court also instructed the jury that if it had reasonable doubt whether Defendant was justified in the use of deadly force, it should find Defendant not guilty and that “[t]he defendant is not required to present evidence or prove anything.”
Defendant argues, and the State agrees, that the instructions are very similar to the instructions given in Montijo and that the erroneous language, emphasized above, is identical. Therefore, both parties agree that the decision in Montijo v. State, 61 So.3d 424 (Fla. 5th DCA 2011), dictates the outcome of this case. Montijo holds that a jury instruction containing this erroneous language constitutes fundamental error and requires reversal and a new trial because the error improperly shifts the burden of proof to the defendant. The State contends, however, that Montijo is wrongly decided and suggests that it be reconsidered by this court. We are bound by Montijo, and accordingly, we reverse Defendant’s convictions and remand for a new trial.
REVERSED and REMANDED.
GRIFFIN and SAWAYA, J.J., and MONACO, D.A., Senior Judge, concur.