ON MOTION TO RECALL MANDATE
PER CURIAM.
Jason Eugene Woods seeks recall of this Court’s per curiam opinion affirming his conviction, suggesting conflict with Alvarado v. State, — So.3d -, 2012 WL 2600053 (Fla. 5th DCA 2012), decided the same day mandate issued in the above-styled case. We grant Woods’ Motion to Recall Mandate and substitute this opinion.
Woods appeals his conviction of second-degree murder with a firearm for which he is serving a life sentence that carries a 10- *927 20-life[1] mandatory minimum of twenty-five years. Finding no merit to Woods’ argument as to the admission of evidence or the denial of the motion for judgment of acquittal, we affirm without comment. We write only to address Woods’ claim of fundamental error in the court’s instruction to the jury on his claim of self-defense.
Without objection, the trial court instructed the jury, in pertinent part, as to the following:[2]
An issue in this case is whether the defendant acted in self-defense. It is a defense to the offense with which Jason Woods is charged if the death of James Allbritton resulted from the justifiable use of deadly force.
[[Image here]]
A person is justified in using deadly force if he reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself, or the imminent commission of burglary with a battery while armed against himself.

To prove the crime of burglary the following three elements must be present:

One, James Allbritton entered a structure owned by or in the possession of James Woods.
Two, at the time of entering the structure, James Allbritton had the intent to commit a robbery of that structure.
Three, James Allbritton was not licensed or invited to enter the structure.
(Emphasis added).
Jury instructions are subject to the contemporaneous objection rule and can be raised on appeal absent an objection only if fundamental error occurred. Taylor v. State, 62 So.3d 1101, 1119 (Fla. 2011). Review of a claim of fundamental error is de novo. Elliot v. State, 49 So.3d 269, 270 (Fla. 1st DCA 2010).
Fundamental error is error that reaches “down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.” State v. Delva, 575 So.2d 643, 644-45 (Fla.1991) (quoting Brown v. State, 124 So.2d 481, 484 (Fla.1960)). This analysis requires consideration of the error’s effect in context of the other instructions given, the evidence adduced at trial, and counsel’s arguments and strategies. Smith v. State, 76 So.3d 379, 383 (Fla. 1st DCA 2011).
When the instructional error involves an affirmative defense as opposed to an element of the crime, fundamental error only occurs where the instruction is so flawed as to deprive the defendant claiming the defense of a fair trial. Id. at 385 (citing Smith v. State, 521 So.2d 106, 108 (Fla.1988)). This occurs where a defendant is deprived of his or her sole or primary defense strategy, and that defense is supported by evidence adduced at trial not otherwise characterized as weak. McCoy v. State, 56 So.3d 37, 40 (Fla. 1st DCA 2010). If, however, the instruction as to the affirmative defense made it quite clear that the burden of proof was on the State to prove all the elements of the crime beyond a reasonable doubt, error in the instruction does not rise to the level of fundamental error. Smith, 521 So.2d at 108.
*928 Woods argues the instruction improperly shifted the burden to him to establish Allbritton was attempting to commit the crime of burglary. For support, he cites to Montijo v. State, 61 So.3d 424, 425 (Fla. 5th DCA 2011), wherein this Court found fundamental error in an instruction that provided: “To prove the crime of Aggravated Battery, two elements must be proven beyond a reasonable doubt.” He also cites Alvarado v. State, 37 Florida Law Weekly D1607, wherein this Court found fundamental error in an instruction that provided: “To prove the crime of aggravated assault, the following four elements must be proven beyond a reasonable doubt.” We find no conflict with either Montijo or Alvarado. In Montijo, this Court determined it was evident that the jury would have believed the defendant shouldered the burden of proving battery beyond a reasonable doubt. To remedy the problem, this Court held that the trial court “should have omitted reference to any burden of proof, instead simply instructing on the requisite elements.” 61 So.3d at 427. The trial court in this case followed that directive.
While Woods acknowledges there was no explicit reference in the instruction to a burden of proof, he claims using the words “to prove” carried with it an implicit level of proof, however small, that suggested he had the burden of proving the elements of burglary. In Montijo, on the other hand, this Court stated it was the explicit use of the phrase “beyond a reasonable doubt” that “placed the burden upon Montijo to prove self-defense, depriving him of a fair trial and rising to the level of fundamental error.” Id. Without any such language in the instruction in this case, the burden of proving burglary was not placed on Woods. When read in its context, the instruction merely listed the elements of burglary, nothing more. We find the remaining objections to the jury instruction to be without merit.
AFFIRMED.
PALMER, TORPY and COHEN, JJ„ concur.

. § 775.087, Fla. Stat. (2009).

. The instructions virtually tracked the language of Florida Standard Jury Instruction (Criminal) 3.6(f), Justifiable Use of Deadly Force.