CANADY, J.,
dissenting.
I would answer the certified question in the affirmative, quash the Fifth District’s decision, and disapprove the other decisions that have held that a defendant has the burden of establishing entitlement to Stand Your Ground immunity in order to avoid trial. Accordingly, I dissent.
As the majority recognizes, our core holding in Dennis v. State, 51 So.3d 456, 458 (Fla.2010), was that “where a criminal defendant files a motion to dismiss on the basis of section 776.032, the trial court should decide the factual question of the applicability of the statutory immunity.” We reached this conclusion because “thé plain language of section 776.032 grants defendants a substantive right to assert immunity from prosecution and to avoid being subjected to a trial.” Id. at 462.
The majority’s decision here, however, fails to recognize the essential nature of the factual question that the trial court must decide. The factual question raised by the assertion of Stand Your Ground immunity in a pretrial evidentiary hearing is the same as the factual question raised by a Stand Your Ground defense presented at trial: whether the evidence establishes beyond a reasonable doubt that the defendant’s conduct was not justified under the governing statutory standard. The State does not dispute that a defendant presenting a Stand Your Ground defense can only be convicted if the State proves beyond a reasonable doubt that the defense does not apply. See, e.g., Alexander v. State, 121 So.3d 1185, 1188 (Fla. 1st DCA 2013); Leasure v. State, 105 So.3d 5, 13 (Fla. 2d DCA 2012); Montijo v. State, *780 61 So.3d 424, 427 (Fla. 5th DCA 2011); see also Fla. Std. Jury Inst. (Crim.) 3.6(f)-(g). By imposing the burden of proof on the defendant at the pretrial evidentiary hearing, the majority substantially curtails the benefit of the immunity from trial conferred by the Legislature under the Stand Your Ground law. There is no reason to believe that the Legislature intended for a defendant to be denied immunity and subjected to trial when that defendant would be entitled to acquittal at trial on the basis of a Stand Your Ground defense. But the majority’s decision here guarantees that certain defendants who would be entitled to acquittal at trial will nonetheless be deprived of immunity from trial.
The majority’s argument that the burden should be placed on the defendant because it is easier for a defendant to prove entitlement to immunity than it is for the State to disprove entitlement to immunity has no "more force in the context of a pretrial evidentiary hearing than it does in the context of a trial, where it admittedly has no application. That argument has no basis in the text of the Stand Your Ground law. Similarly, the majority’s concern that placing the burden of proof on the State in the pretrial evidentia-ry hearing will potentially result in “two full-blown trials” — by no means a specious concern — cannot justify curtailing the immunity from trial under the Stand Your Ground law for those individuals whose use of force or threat of force is legally justified under the governing statutory standard. Practical problems raised by the Stand Your Ground law are a matter for the Legislature to consider and resolve.
The State has conceded that if the certified question is answered in the affirmative, this case should be remanded to the trial court for reconsideration in light of the appropriate burden of proof. Having concluded that the certified question should be answered in the affirmative, I would therefore quash the decision on review and remand the case for reconsideration by the trial court.
POLSTON, J., concurs.