WOLF, J.
Appellant, who was convicted of burglary with a battery, raises a number of issues on appeal. We find one to be dispos-itive: appellant alleges the trial court’s failure to instruct the jury on his affirmative defense of consent to enter the victim’s vehicle amounted to fundamental error. We agree with appellant and reverse and remand for a new trial.
The prosecution asserted during appellant’s trial that the victim was waiting in her vehicle on New Year’s Eve outside of a club to pick up a friend when appellant, uninvited, jumped into the passenger seat of her vehicle, demanded money from her, and proceeded to batter her when she failed to comply with his demands.
Appellant testified in his own defense and stated that the victim invited him into her car because she knew he was a neighborhood drug dealer and wanted to purchase drugs from him. Appellant stated he gave her some cocaine and requested cash in return; when she refused to pay right away as requested, appellant admitted that he did batter her. Thus, appellant’s theory of defense was that he could not have committed the crime of burglary because the victim invited him into her vehicle.
Burglary, as defined by section 810.02(l)(b)(l), Florida Statutes (2015), *623 means “[e]ntering a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter.” (Emphasis added).
The standard jury instructions for burglary include two requisite elements: (1) that the defendant entered a conveyance owned by or in the possession of the victim; and (2) at the time of entering the conveyance, the defendant had the intent to commit an offense other than burglary or trespass. Fla. Std. Jury Instr. (Crim.) 13.1. The standard jury instructions also include an optional third element, that the defendant was not licensed to enter the conveyance, which should be given “only if defendant meets his or her burden of production that he or she had an invitation or license to enter, or that the premises were open to the public.” Fla. Std. Jury Instr. (Crim.) 13.1. This third element amounts to an instruction on the affirmative defense of consent. Petrucelli v. State, 855 So.2d 150, 154 (Fla. 2d DCA 2003) (“Consent to enter a premises is an affirmative defense to the charge of burglary.”),
Appellant alleges the trial court’s failure to instruct the jury on this third element was fundamental error, correctly noting that because trial counsel failed to preserve this issue below, it can only be reviewed for fundamental error. Martinez v. State, 981 So.2d 449, 455 (Fla. 2008).
Typically, when a court fails to instruct on a disputed essential element of a charged crime, fundamental error occurs. Id. Here, though, the “third element” of consent noted in the standard jury instructions is not actually an essential element of the crime of burglary, but rather, an affirmative defense to the crime of burglary. State v. Hicks, 421 So.2d 510, 511 (Fla. 1982). “Where the challenged jury instruction involves an affirmative defense, as opposed to an element of the crime, fundamental error only occurs where a jury instruction is ‘so flawed as to deprive defendants claiming the defense ... of a fair trial.’” Martinez, 981 So.2d at 455 (quoting Smith v. State, 521 So.2d 106, 108 (Fla. 1988)); see also Woods v. State, 95 So.3d 925, 927 (Fla. 5th DCA 2012). The lack of a jury instruction on an affirmative defense only amounts to fundamental error when “a defendant is deprived of his or her sole or primary defense strategy, and that defense is supported by evidence adduced at trial not otherwise characterized as weak.” Woods, 95 So.3d at 927.
Here, the failure to instruct the jury on the defense of consent did deprive appellant of his sole theory of defense, and, therefore, amounted to fundamental error. Both parties noted that consent was a central issue in the case; for example, the prosecutor, during closing arguments, stated, “It is going to come down to whether the defendant was in the vehicle rightfully. Whether he had permission to be in there.”
Not only was consent a central issue, it was appellant’s only viable defense to the crime of burglary. In his own testimony, appellant admitted that he intended to commit an offense when he entered the victim’s vehicle; he intended to sell the victim cocaine. Further, appellant also admitted to battering the victim within the vehicle; although he claimed he did not form the intent to batter her until after he had already entered her car, the jury had the ability to weigh appellant’s credibility and in turn, disbelieve his testimony. Because appellant admitted both to intending to sell the victim drugs and to battering *624 the victim, his only viable defense against the charge of burglary in this case was that he had consent to enter the victim’s vehicle.[1]
Finally, the tidal court’s failure to instruct the jury on appellant’s defense of consent amounted to fundamental error because it is clear from the record that the jurors struggled with the issue of consent. The jury indicated confusion on this issue by requesting clarification during deliberations as to whether the definition of “entered” in the burglary charge encompassed all entry, “whether invited or not?” In response to the jurors’ question, the trial court informed the jury that it had to rely on the jury instructions; however, no instruction on the issue of consent or invitation to enter had been provided to the jury.[2]
Thus, we conclude that the failure of the trial court to instruct the jury on appellant’s sole defense of consent amounted to fundamental error, and we REVERSE and REMAND this case for a new trial.
MAKAR and M.K. THOMAS, JJ., CONCUR.

. The failure of defense counsel to request the jury instruction on the affirmative defense of consent in this case also amounted to ineffective assistance of trial counsel on the face of the record. Where consent to enter was appellant’s only viable defense to the charge of burglary, there was no conceivable strategic reason to fail to request that the jury be instructed on that defense.

. The failure of defense counsel to request this instruction at the time of the jury’s inquiry also demonstrated ineffectiveness on the face of the record.