DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FRED HARRISON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-2422

[October 25, 2017]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Okeechobee County; Dan L. Vaughn, Judge; L.T. Case No. 472015CF000345A.

Carey Haughwout, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Senior Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

The defendant appeals his convictions on two counts of burglary of a dwelling with an assault or battery, and one count of sexual battery on a person twelve years of age or older. He raises multiple issues on appeal and we affirm, with one exception. He argues the court erred in failing to instruct the jury on his affirmative defense of consent to enter the residence, a defense included in the standard jury instruction for burglary. *See* Fla. Std. Jury Instr. (Crim.) 13.1 (2016). Generally, "[t]he lack of a jury instruction on an affirmative defense only amounts to fundamental error when 'a defendant is deprived of his or her sole or primary defense strategy, and that defense is supported by evidence adduced at trial not otherwise characterized as weak.'" *Faulk v. State*, 222 So. 3d 621, 623 (Fla. 1st DCA 2017) (quoting *Woods v. State*, 95 So. 3d 925, 927 (Fla. 5th DCA 2012)). In this case, just as in *Faulk*, because the court failed to instruct the jury on consent, the defendant was deprived of his sole theory of defense. This amounted to fundamental error. *See id.*

Therefore, we affirm the defendant's conviction and sentence for sexual battery, but reverse both burglary convictions, and remand for retrial on the burglary charges.

*Affirmed in part and reversed in part.*

TAYLOR, MAY and KUNTZ, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**

2