ALBA M. ZAMBRANO ROSALES

VERSUS

AMERICAN LIBERTY INSURANCE CO. &
LAKESIDE JANITORIAL, LLC.

NO. 23-CA-49

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE OFFICE OF WORKERS' COMPENSATION,
DISTRICT 7, STATE OF LOUISIANA
NO. 22-188,
HONORABLE SHANNON BRUNO BISHOP, JUDGE PRESIDING

October 31, 2023

**FREDERICKA HOMBERG WICKER**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Stephen J. Windhorst

**REVERSED AND REMANDED**
   **FHW**
   **SMC**
   **SJW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Susan S. Buchholz
Chief Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
ALBA M. ZAMBRANO ROSALES
    Miguel A. Elias
    Paula J. Ferreira
    Omar Oceguera, Jr.

COUNSEL FOR DEFENDANT/APPELLEE,
LAKESIDE JANITORIAL, LLC. AND AMERICAN LIBERTY INSURANCE
COMPANY
    Stephen W. Brooks, Jr.
    Richard J. Voelker
    Beth S. Bernstein

**WICKER, J.**

Claimant seeks review of a summary judgment granted in favor of defendants, dismissing her claim for workers' compensation benefits with prejudice. For the following reasons, we reverse the summary judgment and remand for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

In or around February of 2020, claimant, Alba Zambrano Rosales ("Ms. Zambrano"), began cleaning commercial office spaces in Jefferson Parish for Lakeside Janitorial, L.L.C. ("Lakeside"). According to Ms. Zambrano, on October 5, 2021, she was driving between two locations that she was assigned to clean when a car ran a red light and struck her vehicle, causing her to lose control and crash into a pole. The driver of the vehicle that struck her then fled the scene.

On January 12, 2022, Ms. Zambrano filed a Disputed Claim for Compensation with the Louisiana Office of Workers' Compensation, asserting that she was injured while in the course and scope of her employment with Lakeside. In her disputed claim, Ms. Zambrano sought indemnity and medical benefits, as well as penalties and attorney fees, from Lakeside and its insurer, American Liberty Insurance Company ("American Liberty"). On February 7, 2022, Lakeside and American Liberty filed an Answer to Ms. Zambrano's claims, in which they denied liability and set forth several defenses.

On May 17, 2022, Lakeside and American Liberty filed a Motion for Summary Judgment, asserting that Ms. Zambrano cannot meet her burden of proof at trial that she was an employee of Lakeside or that she was injured in the course and scope of her employment with Lakeside. Therefore, they argued that she cannot prove she is entitled to workers' compensation benefits. In support of their motion, Lakeside and American Liberty submitted several exhibits, including Ms. Zambrano's deposition, an affidavit of Lakeside's general supervisor, IRS 1099 tax

forms issued by Lakeside to Ms. Zambrano, and discovery responses, including tax returns and related documents.

The Motion for Summary Judgment came for hearing before the workers' compensation judge on August 4, 2022.[1] At the hearing, counsel for Lakeside and American Liberty argued that Ms. Zambrano was not entitled to workers' compensation benefits, because she was an independent contractor, not an employee, of Lakeside. Counsel acknowledged that there is a "manual labor exception" for independent contractors, but argued that it does not apply because Ms. Zambrano could have delegated her cleaning activities to other individuals and maintained a strictly supervisory role. Counsel for Lakeside and American Liberty further argued that Ms. Zambrano was not entitled to workers' compensation benefits, because she was driving her own vehicle at the time of the accident and was not in the course and scope of her employment.

Counsel for Ms. Zambrano responded that Ms. Zambrano was entitled to workers' compensation benefits, because she was, in fact, an employee of Lakeside. He further argued that even if she was an independent contractor, the manual labor exception applies in this case, because Ms. Zambrano testified that she personally performed all of the cleaning for the jobs assigned to her.

At the conclusion of the hearing, the workers' compensation judge took the matter under advisement. On October 7, 2022, the workers' compensation judge granted summary judgment in favor of Lakeside and American Liberty and dismissed Ms. Zambrano's claims with prejudice, finding that Ms. Zambrano was an independent contractor and had not shown that the manual labor exception applies. Ms. Zambrano appeals.

---

[1] Ms. Zambrano did not file a memorandum in opposition to defendants' Motion for Summary Judgment. At the August 4, 2022 hearing, counsel for Ms. Zambrano moved to continue the hearing on the Motion for Summary Judgment, arguing that a continuance was needed in order to file a timely opposition memorandum. Alternatively, counsel requested that he be allowed to present oral argument in opposition to the Motion for Summary Judgment. The workers' compensation judge denied the request for a continuance, but she allowed counsel for Ms. Zambrano to present oral argument.

## LAW AND DISCUSSION

On appeal, Ms. Zambrano asserts that the workers' compensation judge erred by granting the Motion for Summary Judgment, because the record shows there are genuine issues of material fact as to whether Ms. Zambrano was an employee of Lakeside or an independent contractor. She further contends that even if she was an independent contractor, her services were performed in manual labor, which is an exception to the exclusion of workers' compensation benefits for independent contractors. Ms. Zambrano further argues that the workers' compensation judge erred by failing to make a finding on whether or not she was in the course and scope of her employment when the accident occurred.

Appellate courts review a judgment granting or denying a motion for summary judgment *de novo*, asking the same questions as the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. *Williams v. Nelson*, 18-207 (La. App. 5 Cir. 12/19/18), 263 So.3d 466, 473, *writ denied*, 19-0092 (La. 3/18/19), 267 So. 3d 92; *Breaux v. Fresh Start Properties, L.L.C.*, 11-262 (La. App. 5 Cir. 11/29/11), 78 So.3d 849, 852. "[A] motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3).

Material facts are those that potentially insure or preclude recovery, affect the litigant's success, or determine the outcome of a legal dispute. *Joliboix v. Cajun Comfort, Inc.*, 16-414 (La. App. 5 Cir. 12/7/16), 207 So.3d 655, 658; *King v. Illinois National Ins. Co.*, 08-1491 (La. 4/3/09), 9 So.3d 780, 784. A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and

summary judgment is appropriate. *Id.* Inferences drawn from the underlying facts contained in the materials before the court must be viewed in the light most favorable to the party opposing the motion. *Joliboix*, 207 So.3d at 658; *Hill v. Shelter Mutual Ins. Co.*, 05-1783 (La. 7/10/06), 935 So.2d 691, 693.

Under the Louisiana Workers' Compensation Act, an employee injured in an accident while in the course and scope of his employment is generally limited to the recovery of workers' compensation benefits as his exclusive remedy against his employer and may not sue his employer, or any principal, in tort. La. R.S. 23:1032; *Louque v. Scott Equipment Co., LLC*, 16-507 (La. App. 5 Cir. 2/8/17), 212 So.3d 1203, 1208, *writ denied*, 17-0372 (La. 4/13/17), 218 So. 3d 629. A prerequisite in any action under workers' compensation is the existence of some kind of employer-employee relationship. *Brightbill v. Circuit Grand Bayou, L.L.C.*, 21-578 (La. App. 5 Cir. 5/11/22), 342 So.3d 127, 135.

La. R.S. 23:1044 states that "[a] person rendering service for another in any trades, businesses or occupations covered by [the Louisiana Workers' Compensation Law] is presumed to be an employee." *Hillman v. Comm-Care, Inc.*, 01-1140 (La. 1/15/02), 805 So.2d 1157, 1161. However, an alleged employer can overcome the presumption by either establishing that the services were not "pursuant to any trade, business or occupation" or by establishing that the individual was performing services as an independent contractor. *Course v. Fox Wolff Construction*, 08-58 (La. App. 5 Cir. 5/27/08), 987 So.2d 277, 279, *writ denied*, 08-1396 (La. 9/26/08), 992 So.2d 992; *Knox v. Elite Protection Solutions*, 21-419 (La. App. 4 Cir. 10/13/21), 366 So.3d 341, 350.

Lakeside and American Liberty contend that Ms. Zambrano is not entitled to workers' compensation benefits because she was working for Lakeside as an independent contractor. La. R.S. 23:1021(7) defines "independent contractor," and

also creates a coverage exception for independent contractors who spend a substantial part of their time working in manual labor, as follows:

> "Independent Contractor" means any person who renders service, *other than manual labor*, for a specified recompense for a specified result either as a unit or as a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished, and are expressly excluded from the provisions of this Chapter *unless a substantial part of the work time of an independent contractor is spent in manual labor by him in carrying out the terms of the contract, in which case the independent contractor is expressly covered by the provisions of this Chapter.* The operation of a truck tractor or truck tractor trailer, including fueling, driving, connecting and disconnecting electrical lines and air hoses, hooking and unhooking trailers, and vehicle inspections are not manual labor within the meaning of this Chapter.
> (Emphasis added.)

The distinction between employee and independent contractor status is a factual determination, made on a case-by-case basis, taking into consideration the total economic relationship between the parties and the various factors weighing in favor of or against an employer-employee relationship. *Course v. Fox Wolff Const.*, 987 So. 2d at 280.

In order to determine if a worker is an independent contractor, the court should consider whether: 1) a valid contract exists between the parties; 2) the work is of an independent nature, such that the contractor may employ non-exclusive means in accomplishing it; (3) the contract calls for specific piecework as a unit to be done according to the independent contractor's own methods without being subject to the control and direction of the principal, except as to the result of the services to be rendered; 4) there is a specific price for the overall undertaking; and 5) a specific time or duration is agreed upon and not subject to termination at the will of either party without liability for breach. *Id.*; *Brightbill*, 342 So.3d at 136.

The most important factor to consider in deciding whether an employer-employee relationship exists is the right of the employer to control and supervise

the work of the individual. *Course*, 987 So.2d at 280. The right of control encompasses supervision, selection and engagement, payment of wages or salary, and the power to dismiss. *Brightbill*, 342 So.3d at 136, *citing Che v. First Assembly of God, Ruston, LA*, 50,360 (La. App. 2 Cir.1/13/16), 185 So.3d 125, 133.

Considering the first factor for determining whether a worker is an independent contractor, there is no indication that there was a written contract between the parties pertaining to whether their relationship was that of employer/employee or principal/contractor. However, Ms. Zambrano received IRS tax 1099 forms, which indicate "nonemployee compensation." Also, her tax returns indicate that she was the proprietor of a janitorial business named Alba Zambrano, and they set forth profits and losses, as well as expenses for supplies.

As to the second and third factors, Ms. Zambrano's testimony revealed that her work was of an independent nature and that Lakeside did not require specific means to accomplish the cleaning tasks. According to Ms. Zambrano, she did not have to go to Lakeside's office to check in and was not required to notify Lakeside when she started jobs or finished them. Ms. Zambrano stated that she had a key for each location, and she decided the order in which she would clean the buildings. Ms. Zambrano further testified that Lakeside provided all of the cleaning supplies for her to use and would deliver the supplies to each job site when she notified them that she was running low. However, she indicated that her supervisors were not present when she cleaned and did not direct the manner in which the cleaning was to be performed.

Ms. Zambrano testified that she used her own car to get to the offices she was assigned to clean and that Lakeside did not track her mileage, reimburse her for gasoline, or pay for any travel at all. She further stated that Lakeside did not give her a specific route to take in between jobs or a specific time by which she

needed to complete her work each day. Ms. Zambrano also agreed that when Lakeside offered her a job, she had the liberty to "take it or leave it" and could decline any job offered.

In addition, Rigo Polanco, Lakeside's general supervisor, stated in his affidavit that Lakeside does not provide transportation or reimburse mileage or fuel costs for its subcontractors, and it does not control the routes to be used between cleaning assignments. He further stated that Lakeside does not require its subcontractors to keep track of their time or whereabouts. Mr. Polanco indicated that Lakeside communicates with the contractors who provide cleaning on Lakeside's behalf via text message, and that he and Ms. Zambrano discussed business-related dealings at various times via text messages.

As to the fourth and fifth factors, there was a specific price to clean each building, and a general time frame to do so, as set forth in Ms. Zambrano's answers to interrogatories, as follows:

> -$250 per month to clean the clinic Orthopedic and Sport Therapy in Metairie twice a week, from February 2020 to the date of the collision.
> -$600 per month to clean the second and fourth floors of a building located at 2450 Severn Ave. in Metairie, Monday to Friday, from February 2020 until sometime in 2021.
> -$700 per month to clean the East Jefferson Urgent Care in Kenner every day, from Monday to Sunday, from 2020 to the date of the collision.
> -$600 per month to clean the "Kingman" building located at 3000 Kingman St. in Metairie, Monday to Friday, from May 2021 to the date of the collision.
> -$800 per month to disinfect a building located at 800 W. Commerce Road in Harahan, Monday to Friday, 10:00 a.m. to 2:00 p.m., at a rate of $10 per hour, from May 2021 to the date of the collision.

Ms. Zambrano testified that that during a typical work week, she had four jobsites. She stated that Monday through Friday mornings, from 10:00 to 2:00, she cleaned an office at a building in Harahan, and she cleaned the other sites at night, after 5:00 p.m. or 6:00 p.m. Ms. Zambrano also indicated that she cleaned two clinics on Saturday and Sunday.

Considering all of these factors and the evidence provided, we agree with the workers' compensation judge that the undisputed facts establish that Ms. Zambrano worked as an independent contractor for Lakeside, not an employee.

Generally, independent contractors are excluded from workers' compensation coverage. *Riles v. Truitt Jones Construction*, 94-1224 (La. 1/17/95), 648 So.2d 1296, 1298. However, there is a coverage exception for independent contractors who spend a substantial part of their work time performing manual labor. *Id.*; La. R.S. 23:1021(7). Although it is not defined in the Louisiana Workers' Compensation Act, the jurisprudence has consistently described "manual labor" as work where the "physical" element predominates over the "mental" element. *Riles*, 648 So.2d at 1298; *Brightbill*, 342 So. 3d at 136-137; *Martinez v. Rames*, 16-1312 (La. 7/12/17), 224 So.3d 467, 471; *Courtney v. Fletcher Trucking*, 12-434 (La. App. 1 Cir. 12/21/12), 111 So.3d 411, 417.

In order for an independent contractor to be covered under the "manual labor exception," he must show that a "substantial part" of the time he worked for the principal was spent performing manual labor duties and the work performed by him is part of the principal's trade, business, or occupation.[2] *Brightbill*, 342 So.3d at 136-137, *citing Lushute v. Diesi*, 354 So.2d 179, 182 (La. 1977). "Substantial part" is "not a term of mathematical precision," may be less than 50%, and is the converse of "insubstantial" or "immaterial." *Riles*, 648 So.2d at 1300, *citing Welch v. Newport Industries*, 86 So.2d 704, 707 (La. App. 1 Cir. 1956).

In the present case, the workers' compensation judge found that there was no evidence presented to show that Ms. Zambrano is entitled to the manual labor exception. Although Ms. Zambrano did not file a memorandum or exhibits in

---

[2] La. R.S. 23:1061(A)(1) provides that "work shall be considered part of the principal's trade, business, or occupation if it is an integral part of or essential to the ability of the principal to generate that individual's goods, products, or services." The record shows, and defendants do not dispute, that the services performed by Ms. Zambrano were pursuant to the "trade, business, or occupation" of Lakeside, a janitorial business.

opposition to the Motion for Summary Judgment, her deposition was submitted with Lakeside and American Liberty's motion.

In her deposition, Ms. Zambrano testified that she was hired by Lakeside on February 20, 2020 to clean a rehabilitation center. After this initial assignment, Ms. Zambrano started cleaning additional commercial offices for Lakeside. Ms. Zambrano testified that in order to clean the offices, she would typically dust, vacuum, wash the bathrooms and toilets, clean glasses, sweep, mop, and take out the trash. Her testimony shows that the physical aspect of her work predominated over the mental aspect. Further, in *Lumar v. Zappe Endeavors, L.L.C.*, 06-317 (La. App. 5 Cir. 10/31/06), 946 So.2d 188, this Court found that cleaning services are considered manual labor.

Lakeside and American Liberty claim that the manual labor exception does not apply, because Ms. Zambrano could have delegated her cleaning duties to others and maintained a strictly supervisory role. They also contend that Ms. Zambrano's husband, Daniel Barreto Moreno, performed cleaning services on Ms. Zambrano's behalf on occasion, as indicated in Mr. Polanco's affidavit. However, Ms. Zambrano testified in her deposition that she personally performed all of the cleaning services for the jobs to which she was assigned. She stated that her husband sometimes accompanied her to work, but he did not do any of the work. Further, the Louisiana Supreme Court has stated that supervisors are sometimes included among those performing manual labor, because supervisory and manual duties are not necessarily contradictory when determining compensation coverage. *Riles*, 648 So.2d at 1300.

Based on our *de novo* review, it is clear that a substantial part of the work Ms. Zambrano performed for Lakeside consisted of manual labor, and that the manual labor exception for independent contractors applies herein. We find that the workers' compensation judge erred by finding that the manual labor exception

does not apply and by granting summary judgment on this issue. Accordingly, we reverse and vacate the summary judgment granted in favor of Lakeside and American Liberty.

In her final argument on appeal, Ms. Zambrano argues that the workers' compensation judge erred by failing to address whether she was in the course and scope of her employment when the accident occurred or whether there are genuine issues of material fact as to whether she was in the course and scope of her employment.

Under the Louisiana Workers' Compensation Act, an employer is responsible for compensation benefits to an employee only when the injury results from an accident "arising out of and in the course of his employment." La. R.S. 23:1031(A). Although Lakeside and American Liberty argued in their Motion for Summary Judgment that Ms. Zambrano was not in the course and scope of her employment with Lakeside when the accident occurred, the workers' compensation judge did not make a ruling on this issue.

Considering our decision to reverse the summary judgment after finding the manual labor exception applies herein, we remand this matter to the workers' compensation court to determine whether summary judgment is appropriate after considering the issue of whether Ms. Zambrano was in the course and scope of her employment at the time of the accident.

Lakeside and American Liberty filed an Answer to Appeal, seeking an award of expenses and costs associated with defending Ms. Zambrano's claims in the workers' compensation court and in this Court. La. C.C.P. art. 2164 provides:

> The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages, including attorney fees, for frivolous appeal or application for writs, and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.

Considering our finding that the summary judgment in favor of Lakeside and American Liberty was improperly granted and that Ms. Zambrano's appeal has merit, an award of costs and expenses to defendants would not be equitable. Accordingly, we deny Lakeside and American Liberty's request for expenses and costs.

**DECREE**

For the reasons set forth above, we reverse the workers' compensation court's October 7, 2022 judgment that granted summary judgment in favor or defendants, Lakeside Janitorial, L.L.C. and American Liberty Insurance Company, and dismissed her workers' compensation claims with prejudice. We remand to the workers' compensation court for consideration of the Motion for Summary Judgment as to the issue of whether or not Ms. Zambrano was acting in the course and scope of her employment at the time of the accident. We further deny the relief sought in the Answer to Appeal.

**REVERSED AND REMANDED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**OCTOBER 31, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-CA-49

**E-NOTIFIED**
OFFICE OF WORKERS' COMPENSATION, DISTRICT 7 (CLERK)
HON. SHANNON BRUNO BISHOP (DISTRICT JUDGE)
MIGUEL A. ELIAS (APPELLANT)      OMAR OCEGUERA, JR. (APPELLANT)      PAULA J. FERREIRA (APPELLANT)
BETH S. BERNSTEIN (APPELLEE)     STEPHEN W. BROOKS, JR. (APPELLEE)

**MAILED**
RICHARD J. VOELKER (APPELLEE)
ATTORNEY AT LAW
3500 HIGHWAY 190
SUITE 200
MANDEVILLE, LA 70471