838 So.2d 845 (2003)
Katherine and Larry LAVERGNE, et al.
v.
AMERICA'S PIZZA COMPANY, LLC, et al.
No. 02-889.
Court of Appeal of Louisiana, Third Circuit.
February 5, 2003.
*846 Alan K. Breaud, Timothy Wayne Basden, Breaud & Lemoine, Lafayette, LA, for Defendant/Appellant: America's Pizza Company, L.L.C.
Horace Arthur Thompson III, Watkins, Ludlam, et al., New Orleans, LA, for Plaintiffs/Appellees: Louisiana Restaurant Association.
George Stubbs Bourgeois Jr., Attorney at Law, Opelousas, LA, for Plaintiffs/Appellees: Katherine and Larry Lavergne.
*847 Court composed of ULYSSES GENE THIBODEAUX, MICHAEL G. SULLIVAN, and BILLY HOWARD EZELL, Judges.
EZELL, J.
In this appeal, America's Pizza claims that the trial court erred in finding them liable for an injury caused to Sean Lavergne, the minor child of the Plaintiffs, Katherine and Larry Lavergne. America's Pizza also challenges the amount of the award, the allocation of fault, and the finding that the suit should not have been dismissed under the Louisiana Products Liability Act (LPLA). For the following reasons, we affirm the decision of the trial court.
On May 12, 2000, the Lavergnes and their three children went to the Pizza Hut restaurant in Ville Platte. The restaurant is owned by America's Pizza. After being seated in a booth, the family placed their order. As an appetizer, the Lavergnes ordered breadsticks with two extra cups of dipping sauce. Their waitress first brought out the breadsticks and only one cup of the sauce. After being reminded about their request for extra sauce, the waitress walked to the kitchen and obtained the additional two cups of the dipping sauce. When she returned, she placed one of the extra cups of heated sauce within the reach of the then three-year-old Sean. Within seconds, Sean had spilled the sauce on his legs, resulting in a severe second-degree burn.
The Lavergnes filed this suit, claiming that the waitress was negligent in placing the sauce she knew to be hot within the reach of a three-year-old child. The Lavergnes also initially brought claims under the LPLA, claiming a failure by the waitress to warn of the high temperature of the sauce. After the close of the Plaintiff's evidence, the trial court granted America's Pizza's request for involuntary dismissal of the LPLA claims, finding the Lavergnes had failed to prove any cause of action under the LPLA. At the close of all the evidence, the trial court found that the waitress breached her duty to protect the patrons from harm by placing the hot sauce within the reach of the child and that the breach was a cause of Sean's injuries. However, the trial court further found that the Lavergnes were also at fault, based on a lack of due diligence in their supervision of Sean. The trial court assessed America's Pizza with 70% liability for the accident and the parents with 30%. The trial court awarded the Lavergnes $15,000 in general damages and $152.44 in medical expenses. It is from this decision that America's Pizza appeals.
America's Pizza asserts four assignments of error on appeal. They claim the trial court erred in finding liability on their part, in assessing 70% of the fault to them, in refusing to dismiss all claims in this case under the exclusivity clause of the LPLA, and finally, in awarding the Lavergnes $15,000 in general damages. We will deal with the LPLA claims first.
Louisiana Revised Statutes 9:2800.52 states in pertinent part that the LPLA "establishes the exclusive theories of liability for manufacturers for damage caused by their products." The LPLA contains an exclusive remedy provision limiting a plaintiff's theories of recovery against a manufacturer of an allegedly defective product to those established by the LPLA. Stahl v. Novartis Pharmaceuticals Corp., 283 F.3d 254 (5th Cir.2002). In the judgment on appeal, the Lavergnes do not claim that the product was defective in construction or design, nor do they make any other claim under the LPLA that the sauce itself was unreasonably dangerous. They do not even claim that the temperature at which the sauce was stored was so *848 excessively high as to be unreasonably dangerous. Rather, they claim that the injury was caused by the negligent placement of the heated sauce within reach of a three-year-old child, not by any defect in the sauce itself.
Here, America's Pizza wears two hats; one as the supposed manufacturer of the sauce, and another as an employer of a potentially negligent employee.[1] While the LPLA's exclusivity provision eliminates a general negligence cause of action for damages caused by a product, it does not eliminate the liability of a manufacturer for damages caused by the negligent use of its product by one of its employees. Thus, America's Pizza cannot escape its liability for the negligence of its employee by claiming to be the manufacturer of the sauce, even if it was, in fact, the manufacturer. This is a simple negligence claim, not one under the LPLA. We agree with the trial court's disposition of this issue.
America's Pizza's other assignments of error deal with the finding of liability, the apportionment of fault, and the amount of damages awarded. The trial court's factual findings are subject to review under the manifest error analysis. Stobart v. State Through DOTD., 617 So.2d 880 (La.1993). In order to determine whether liability exists, a duty-risk analysis is used. Syrie v. Schilhab, 96-1027 (La.5/20/97), 693 So.2d 1173. Under this analysis, the plaintiff must prove that the conduct in question was a cause-in-fact of the resulting harm, the defendant owed a duty of care to the plaintiff, the defendant breached the duty, and the risk of harm was within the scope of protection afforded by the duty breached. Id.
It is clear that America's Pizza owed a duty to its patrons to protect them from harm. It is the duty of every "restaurant operator to use reasonable care in the protection of his patrons and guests." Saucier v. Players Lake Charles, L.L.C., 99-1196, p. 10 (La.App. 3 Cir. 12/22/99), 751 So.2d 312, 319 (quoting Matranga v. Travelers Ins. Co., 55 So.2d 633, 636 (La. App.Orl.1951)). The waitress testified that she was aware that the sauce was hot enough to burn someone. Yet, she still placed the hot sauce within reach of a three-year-old child. The trial court found that this act was a breach of America's Pizza's duty to protect its customers and that this breach was a cause-in-fact of Sean's burn. There is nothing in the record that shows this finding to be manifestly erroneous or clearly wrong. Accordingly, the finding that America's Pizza was liable for Sean's injuries will not be disturbed.
A trial court's allocation of fault is also a finding of fact and is subject to the manifest error standard of review. Adkinson v. Brookshire Grocery Co., Inc., 95-1021 (La.App. 3 Cir. 1/31/96), 670 So.2d 453, writ denied, 96-514 (La.4/8/96), 671 So.2d 339. In comparing the fault of the parties, various factors may influence the degree of fault assigned, including:
(1) whether the conduct resulted from inadvertence or involved an awareness of the danger, (2) how great a risk was created by the conduct, (3) the significance of what was sought by the conduct, *849 (4) the capacities of the actor, whether superior or inferior, and (5) any extenuating circumstances which might require the actor to proceed in haste, without proper thought.
Watson v. State Farm Fire & Cas. Ins. Co., 469 So.2d 967, 974 (La.1985).
Our consideration of these factors suggest that the majority of the fault must rest with America's Pizza. As noted above, the waitress knew the sauce was hot enough to cause burns. This knowledge put her in a superior capacity to the Lavergnes. Even if she had warned the Lavergnes about the sauce, they had no way of knowing that the sauce was at a high enough temperature to cause the severe damage it did. Again, the waitress knew of this risk and still placed the sauce within the reach of a young child. The record indicates no manifest error in the trial court's allocation of fault.
Finally, we consider the amount of damages awarded. In reviewing an award of general damages, the initial inquiry is "whether the [trier of fact] abused its discretion in assessing the amount of damages." Cone v. National Emergency Serv., Inc., 99-934 (La.10/29/99), 747 So.2d 1085, 1089. "[T]he role of an appellate court in reviewing general damages is not to decide what it considers to be an appropriate award, but rather to review the exercise of the discretion by the trier of fact.... [T]he adequacy or inadequacy of the award should be determined by the facts or circumstances particular to the case under consideration." Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1260 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). In this case, Sean suffered severe second-degree burns. Immediately after the sauce spilled, Mr. Lavergne took Sean to the restroom to inspect his leg and clean off the sauce. When he removed the wet paper towel used to clean the wound, the child's skin came off, attached to the paper towel. Sean's bandages had to be changed two to three times a day for over a month. For the first two weeks of this process, old skin had to be removed to prevent scarring. Each time Sean's bandages were changed, the experience was a painful one. In light of these facts and the above standards, we find that the trial court's award of general damages in the amount of $15,000 was not excessive or an abuse of its vast discretion.
For the above reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against America's Pizza.
AFFIRMED.
NOTES
[1] In brief and in all its memoranda to the trial court, America's Pizza correctly notes that tomato sauce is a manufactured product, as opposed to raw tomatoes. However, there is no evidence in the record which shows that America's Pizza is the manufacturer of the sauce it uses. On the contrary, the only evidence contained in the record on the subject, a Pizza Hut handbook, shows that Pizza Hut employees merely heat up pre-made sauce without exercising "control over or influenc[ing] a characteristic of the design" as required by 9:2800.53(1)(b).