MARC E. JOHNSON, Judge.
| ¡.Plaintiff, Barry Triche, appeals the granting of summary judgment in favor of Defendant, McDonald’s Restaurants of Louisiana, Inc. (“McDonald’s”), dismissing Plaintiff’s claims with prejudice. For the reasons that follow, we affirm.
Plaintiff filed suit in July 2012 alleging he sustained personal injuries when three large cups of coffee that he ordered from a McDonald’s drive-thru fell out of a cup holder, spilling hot coffee onto his foot, ankle and groin. Plaintiff claimed that the coffee cups were not properly secured in the cup holder by the McDonald’s employee in accordance with McDonald’s policies and procedures. He further alleged that the temperature of the coffee exceeded the temperature limits set forth in McDonald’s policies and procedures. Plaintiff asserted that he suffered first, second, and third degree burns to his body as a result of the incident. He alleged McDonald’s was liable for various acts of negligence including heating the coffee to an unsafe temperature in deviation from its standards, failing to post proper warning and advise Plaintiff of the temperature of the coffee, serving Lscalding coffee through a drive-thru window without properly seating the coffee cups in the cup holder, and failing to train its employees on the appropriate procedures for serving coffee to patrons at the drive-thru window.
After answering the lawsuit, McDonald’s filed a motion for summary judgment asserting there were no genuine issues of material fact and that it was entitled to summary judgment as a matter of law. Specifically, McDonald’s argued that Plaintiff could not meet his burden of proof under either a theory of products liability or negligence. As to products liability, McDonald’s alleged Plaintiff could not prove the coffee was unreasonably dangerous and pointed to the lack of evidence to support Plaintiffs allegation that the coffee was too hot. Regarding negligence, McDonald’s maintained Plaintiff could not show that its employee(s) failed to properly seat the coffee cups in the beverage tray prior to the incident. McDonald’s relied on excerpts from Plaintiffs deposition in which he stated that he did not know whether the coffee cups were not properly secured in the beverage tray prior to the incident.
In opposition to McDonald’s motion for summary judgment, Plaintiff relied on photographs of his injuries and parts of his deposition to support his position that there, were issues of fact that precluded summary judgment. Plaintiff pointed to his deposition testimony wherein he explained that he returned to the restaurant after seeking treatment for his burns and confronted the employee who served him *256 the coffee. Plaintiff told the employee that she did not push the coffee cups into the holder, at which time the employee allegedly responded that she did not check the cups or push them down before handing the tray to Plaintiff. Plaintiff maintained this created a question of fact as to whether McDonald’s firmly and securely placed the coffee cups in the tray.
14After a hearing on the motion for summary judgment, the trial court granted summary judgment in favor of McDonald’s and dismissed Plaintiffs claims with prejudice.
On appeal, Plaintiff argues the trial court erred in granting summary judgment. Plaintiff contends the trial court only considered summary judgment under a products' liability theory and failed to analyze his claims under a negligence theory. As such, Plaintiff maintains the trial court failed to recognize material issues of fact existed as to whether McDonald’s was negligent in securing the coffee cups before handing them to Plaintiff.
Appellate courts review the granting or denial of a motion for summary judgment de novo under the same criteria governing the district court’s consideration of whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Breaux v. Fresh Start Properties, L.L.C., 11-262 (La.App. 5 Cir. 11/29/11); 78 So.3d 849, 852.
Facts are material if they potentially insure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of the legal dispute. Hines v. Garrett, 04-806 (La.6/25/04); 876 So.2d 764, 765 (per curiam). Whether a particular fact is material can be seen only in light of the substantive law applicable to the case. Kline v. Farm Bureau Ins. Companies, 06-129 (La.App. 5 Cir. 9/26/06); 942 So.2d 1080, 1083, unit denied, 06-2575 (La.12/15/06); 945 So.2d 697.
A motion for summary judgment is properly granted when the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of' law. La. C.C.P. art. 966(B). The initial burden |fiof proof is with the mover to show that no genuine issue of material fact exists. If the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. The non-moving party must then produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the non-moving party fails to do so, there is no genuine issue of material fact and summary judgment should be granted. La. C.C.P. art. 966(C)(2).
Plaintiffs petition alleges that the coffee was too hot and did not contain adequate warnings. It further alleges the McDonald’s employee did not properly seat the coffee cups in the tray holder before handing it to Plaintiff. Thus, Plaintiff stated a cause of action for damages under both the theory of products liability (damage caused by the product), and general negligence (damage caused by the negligent handling of the product by a McDonald’s employee). McDonald’s seeks summary judgment as to both theories.
Under the Louisiana Products Liability Act (LPLA), which is set forth in La. R.S. 9:2800.51 et seq., the manufacturer of a product is liable for damages caused by a product that is unreasonably dangerous when it is in normal use. La. R.S. 9:2800.54. A product may be deemed un *257 reasonably dangerous due to its composition or construction, its design, the manufacturer’s failure to provide adequate warning, or the product’s failure to conform to an express manufacturer’s warning. La. R.S. 9:2800.54. It is the plaintiffs burden to prove that a product is unreasonably dangerous. Willis v. Ochsner Clinic Foundation, 13-627 (La.App. 5 Cir. 4/23/14); 140 So.3d 338, 356.
In its statement of uncontested facts in support of its motion for summary judgment, McDonald’s stated that Plaintiff had no facts or evidence to support his | ^allegation that the coffee served that day was hotter than it should have been or exceeded industry standards. Although Plaintiff claimed in his opposition that he had facts to show the coffee at issue was hotter than it should have been, he offered no evidence to support his allegation. In particular, Plaintiff failed to submit any evidence indicating what the manufacturer’s standards were regarding the temperature of the coffee or whether the temperature of coffee on the day of the incident deviated from those standards. The only evidence regarding the temperature of the coffee was Plaintiffs deposition testimony in which he stated, “I’ve had hot coffee at home spilled on me and it was nowhere near as hot as that.” This is insufficient to demonstrate the existence of a genuine issue of material fact as to whether the coffee was unreasonably dangerous in construction or composition.[1]
Although Plaintiff submitted photographs of the burn injury to his foot and ankle, there was no testimony indicating the temperature of the coffee based on the type of burns Plaintiff suffered. We cannot presume a characteristic of a product, 1.e., the temperature of the coffee, is unreasonably dangerous solely from the fact that an accident producing injury occurred. Ashley v. General Motors Corp., 27,851 (La.App. 2 Cir. 1/24/96); 666 So.2d 1320, 1322; See also Colbert v. Sonic Restaurants, Inc., 741 F.Supp.2d 764, 769 (W.D.La.9/21/10).
Plaintiff also failed to show a genuine issue of material fact existed as to whether the coffee was unreasonably dangerous because of an inadequate warning. A manufacturer has a duty to provide an adequate warning of any danger inherent in the normal use of its produce which is not within the knowledge of or obvious to the ordinary user. La. R.S. 9:2800.57; Hines v. Remington Arms Co., 94-455 (La. 12/8/94);7 648 So.2d 331, 337. This duty to warn does not apply when the danger is or should be obvious to the ordinary user. “This is particularly so when the user is familiar with the product, making him a ‘sophisticated user.’ ” Id.
Here, the summary judgment evidence showed that Plaintiff frequently bought and consumed coffee from this particular McDonald’s restaurant. Plaintiff stated in his deposition testimony that he frequented this restaurant, which was only two and a half blocks away from his home, almost on a daily basis to get coffee. Thus, Plaintiff is a “sophisticated user” who is presumed to know about the inherent danger of hot coffee because of his familiarity with it. Plaintiff presented no evidence that the temperature of the coffee exceeded industry standards.[2] Accordingly, Mc *258 Donald’s had no duty to provide additional warnings to Plaintiff, a regular coffee drinker.
The LPLA establishes the exclusive theories of liability for manufacturers for damages caused by their products. However, the LPLA does not eliminate a general negligence cause of action for damages caused by the negligent use or handling of the product by the manufacturer’s employee. Lavergne v. America’s Pizza Company, LLC, 02-889 (La.App. 3 Cir. 2/5/03); 838 So.2d 845, 847.
In negligence cases, Louisiana employs a duty-risk analysis in determining whether to impose liability under La. C.C. art. 2315.[3] Rando v. Anco Insulations Inc., 08-1163 (La.5/22/09); 16 So.3d 1065, 1085-86. To prevail in a negligence action, the plaintiff bears the burden of proving that (1) the defendant owed a duty to the plaintiff; (2) the defendant breached that duty; (3) the breach of the duty was lathe cause-in-fact of the injury; (4) the risk of harm was within the scope of protection afforded by the duty breached; and (5) damages. Id. at 1086.
Whether a. duty is owed is a question of law. Rando, 16 So.3d at 1086. A restaurant has the duty to use reasonable care in protecting its patrons. Lav-ergne, 838 So.2d at 848. We find this duty encompasses proper use of “to go” paper products by a restaurant’s employees when serving food or drinks from the window of a drive-thru so as not to expose patrons to unnecessary and unreasonable danger.
In the instant case, Plaintiff alleged the drive-thru employee failed to properly seat the coffee cups in the tray holder before handing him the tray holder through the window. Thus, the question, for purpose of summary judgment, is whether there is a genuine issue of fact as to whether McDonald’s breached the duty owed.
In its motion for summary judgment, McDonald’s pointed out an absence of factual support for Plaintiffs claim that the employee failed to properly secure the cups in the tray holder. Thus, the burden shifted to Plaintiff to produce factual support sufficient to show he will be able to meet his evidentiary burden of proof at trial. To do this, Plaintiff relies on his deposition testimony wherein he claimed the McDonald’s employee told him that she did not push the cups down into the tray or check to see if they were pushed down.[4]
*259 |9We find this hearsay testimony alone to be insufficient to meet Plaintiffs burden of proof that a genuine issue of material .fact exists. Plaintiff never testified that he personally observed that the cups were not properly secured in the tray prior to the accident. In fact, he specifically stated that he did not notice whether the cups were pushed into the tray holder. Additionally, Plaintiff testified that he successfully took the tray from the employee and set it on his lap without any of the cups falling over. Plaintiff explained that one of the cups fell from the tray when he moved his leg to accelerate after pulling into the travel lane of a fast-moving vehicle. Plaintiff clarified that the lid did not come off the cup, but rather the coffee leaked out of the drink opening. This evidence fails to demonstrate that Plaintiff could carry his burden of proof at trial that McDonald’s breached its duty by failing to properly secure the coffee cups in the tray holder.
As observed in Reese v. Burger King Restaurant, 89AP-856, 1990 WL 12388, at *2 (Ohio Ct.App.2/13/90),
The world in which we live is an imperfect one, .one in which accidents will happen due to no one’s negligence. The present case represents such an instance. The growing tendency of the victims of accidents and their attorneys to always attempt to find a reason to blame someone else to obtain compensation is disturbing where any reasonable person should recognize that the injury was not another person’s fault. It seems that injuries from incidents that regularly happen at home and would be considered as accidents as a matter of course become full blown negligence actions when a solvent defendant is involved. Our society will benefit if this type of thinking is eliminated. No one benefits from the prosecution of cases involving accidents which, while with hindsight' may have been avoided, are unquestionably not the result of any unreasonable behavior.

DEGREE

Upon de novo review, we find that McDonald’s pointed out an absence of factual support for both a cause of action under products liability and negligence, and Plaintiff • failed to demonstrate, through competent evidence, that he could |10carry his burden of proof at trial. Accordingly, we affirm the trial court’s grant of summary judgment in favor of McDonald’s Restaurants of Louisiana, Inc., dismissing Plaintiffs claims with prejudice. Plaintiff is to bear the costs of this appeal.

AFFIRMED.

. See Oubre v. E-Z Serve Corp., 98-61 (La. App. 5 Cir. 5/27/98); 713 So.2d 818, 822, where this Court upheld summary judgment in favor of the defendant when the plaintiff failed to present any evidence of the coffee's actual temperature, that it was hotter than normal, or that the temperature exceeded industry standards at the time it spilled on the plaintiff.

. The mere fact “the coffee was hot enough to cause injury if not properly handled does not *258 mean that it was defective or negligently served." See Oubre, 713 So.2d at 821, quoting Huppe v. Twenty-First Century Restaurants of America., Inc., 130 Misc.2d 736, 497 N.Y.S.2d 306 (1985).

. La. C.C. art. 2315 states that ‘‘[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."

. During the summary judgment hearing, Plaintiff acknowledged a potential hearsay problem with this evidence. He then stated that if the Court was inclined to find the evidence insufficient, he would ask for a continuance in order to reach the employee, Ms. Landry. Plaintiff indicated that he had tried to reach the employee, Ms. Landry, but she had not yet responded. He further stated, "I’m pretty sure I know where she is.” The trial court did not rule on Plaintiff’s conditional request for a continuance. Plaintiff does not raise this issue on appeal.
Nonetheless, we note that summary judgment is appropriate after adequate discovery or after a case is set for trial. La. C.C.P. art. 966(C). The record shows that Plaintiff propounded interrogatories, request for production of documents and requests for admissions of fact. Additionally, McDonald’s had taken Plaintiff’s deposition and noticed several records depositions. Further, Plaintiff had filed a motion to set the matter for trial almost one month before McDonald’s filed its *259 motion for summary judgment. While the trial court has discretion to allow additional discovery to take place after a motion for summary judgment is filed, there is no absolute right to delay action on a motion for summary judgment until discovery is complete. Flowers v. Wal-Mart Stores, Inc., 12-140 (La.App. 5 Cir. 7/31/12); 99 So.3d 696, 702.