.CHEHARDY, C.J.
|,In this writ application, relator, Wendy’s International, Inc., (‘Wendy’s”) seeks review of the denial of its motion for summary judgment with' respect to Elvia Le-garreta’s negligence claim against Wendy’s. For the following reasons, we grant defendant’s writ application, vacate the trial court’s ruling, and grant summary judgment in favor of Wendy’s.
Facts and Procedural History
According to her petition filed on May 8, 2013, Elvia Legarreta alleges that, on May 12, 2012, she sustained personal injuries when a cup of coffee that she ordered from a Wendy’s drive-thru, spilled onto her abdomen and thighs. Among other things,[1] Ms. Legarreta claimed that, due to the negligence of a Wendy’s employee, the lid of the coffee cup was not properly secured onto the cup before the cup was given to Ms; Legarreta.
On April 27, 2016, Wendy’s filed a motion for summary judgment asserting that there were no genuine issues of material fact and that it was entitled to summary judgment as a matter of law. Specifically, Wendy’s argued that Ms. Legarreta could not meet her burden of proof that Wendy’s was negligent. Wendy’s maintained that Ms. Legarreta could not show that its employee failed to properly place the lid onto the coffee cup before the incident. Wendy’s relied on excerpts from Ms. Le-garreta’s deposition in which she stated that she did not notice that the lid was not properly secured onto the coffee cup when the cup was handed to her.
lain opposition to Wendy’s motion for summary judgment, Ms. Legarreta relied on her deposition as well as medical records from her treating physician, to support her position that there .were issues of fact that precluded summary judgment. Ms. Legarreta pointed to her doctor’s report that stated, Ms. Legarreta reported to him that she “noticed the top was crooked when they gave her the coffee. ... Since the top cup [sic] was crooked, the hot coffee spilled on both legs, worse *1005 on the left leg and her abdomen, as she was getting out of the car.” Ms. Legarreta maintained this created a question of fact as to whether the Wendy’s employee firmly and securely placed the lid onto the coffee cup before handing the cup to her.
In its reply to Ms. Legarreta’s opposition to its motion for summary judgment, Wendy’s points out that, in her deposition, Ms. Legarreta stated that she did not tell Dr. Cruz that she noticed that “the top was crooked” when the Wendy’s employee handed her the coffee. Wendy’s pointed out that in her deposition, Ms. Legarreta specifically stated: “I- don’t know why he put that in there because I did not say that.” After the hearing on Wendy’s motion for summary judgment, the trial court denied summary judgment on Ms. Le-garreta’s negligence claim.
On July 20, 2016, Wendy’s filed its writ application seeking review of that ruling. In order to properly consider this writ application in accordance with La. C.C.P. art. 966(H),[2] the writ application was docketed for' argument pursuant to U.R.C.A. Rule 4-7. This opinion follows.
Law and Argument

Standard of Review

Appellate courts review the granting or denial of a motion for summary judgment de novo under the same criteria governing the district court’s | ^consideration of whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Breaux v. Fresh Start Properties, L.L.C., 11-262 (La.App. 5 Cir. 11/29/11), 78 So.3d 849, 852. The version of La. C.C.P. art. 966[3] in effect at the time of the summary judgment hearing in this case provides, “a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(A)(3). Further, La. C.C.P. art. 966(A)(4) reads, “The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions.”
The burden is on the party seeking summary judgment to establish that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. However, if the movant will not bear the burden of proof at trial, the movant need only point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim. La. C.C.P. art. 966(D)(1), Once the movant proves that there is an absence of factual support for one or more elements essential to the adverse party’s claim, the burden shifts to the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. Id.
Here, Wendy’s, who was the movant, had the burden to prove an absence of factual support for one or more *1006 elements essential to Ms. Legan-eta’s claim. La. C.C.P. art. 966(D)(1). Facts are material if they potentially insure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of the legal | ¿dispute. Hines v. Garrett, 04-806 (La. 6/26/04), 876 So.2d 764, 765 (per cu-riam). Whether a particular fact is material can be seen only in light of the substantive law applicable to the case. Kline v. Farm Bureau Ins. Companies, 06-129 (La.App. 6 Cir. 9/26/06), 942 So.2d 1080, 1083, writ denied, 06-2575 (La. 12/15/06), 945 So.2d 697. The decision as to the propriety of the ruling on a motion for summary judgment must be made with reference to the substantive law applicable to the case. Muller v. Carrier Corp., 07-770 (La.App. 5 Cir. 4/15/08), 984 So.2d 883, 885.

Substantive Law

Here, Ms. Legarreta’s petition alleges that'the Wendy’s employee “failed to properly secure the relevant coffee cup top.” This claim states a cause of action for damages caused by the negligent handling of the product by a Wendy’s employee.
The standard negligence analysis in Louisiana to determine whether to impose liability under La. C.C. art. 2315 is the duty/risk analysis, which consists of the following four-prong inquiry: (1) Was the conduct in question a substantial factor in bringing about the harm to the plaintiff, i.e., was it a cause-in-fact of the harm which occurred? (2) Did the defendant(s) owe a duty to the plaintiff? (3) Was the duty-breached? (4) Was the risk, and harm caused, within the scope of protection afforded by the duty breached? Mathieu v. Imperial Toy Corp., 94-0952 (La. 11/30/94), 646 So.2d 318, 321-22. Under a duty/risk analysis, all four inquiries must be affirmatively answered for plaintiff to recover.
In order for liability to attach urn der a duty/risk .analysis, a plaintiff must prove five separate elements: (1) the defendant had a duty to conform his or her conduct to a specific standard of care; (2) the defendant breached that duty; (3) the defendant’s substandard conduct was a cause-in-fact of the plaintiffs injuries; (4) the defendant’s substandard conduct was a legal cause of the plaintiffs injuries; Land, (5) actual damages. Davis v. Witt, 02-3102 (La. 7/2/03), 851 So.2d 1119, 1127.
The threshold issue in any negligence action is. whether the defendant owed the plaintiff a duty. Chambers-Johnson v. Applebee’s Rest., 12-98 (La.App. 5 Cir. 9/11/12), 101 So.3d 473, 476. Whether a duty is owed is a question of law. Lem-ann v. Essen Lane Daiquiris, Inc., 05-1095 (La. 3/10/06), 923 So.2d 627, 633. “It is the duty of every storekeeper and restaurant operator to use reasonable care in the protection of his patrons and guests. Particularly, must he, himself, refrain from any act or conduct likely to cause injury to a guest.” Matranga v. Travelers Ins. Co., 55 So.2d 633, 636 (La.Ct.App.1951); Lav-ergne v. America’s Pizza Co., 02-889 (La. App. 3 Cir. 2/5/03), 838 So.2d 845, 848. This Court has held that this duty encompasses proper use of “to go” paper products by a restaurant’s employees when serving food or drinks from the window of a drive-thru so as not to expose patrons to unnecessary and unreasonable danger. See Triche v. McDonald’s Corp., 14-318 (La.App. 5 Cir. 10/29/14), 164 So.3d 253, 259.
In the instant case, Ms. Legarreta alleged the drive-thru emplqyee failed to properly secure the lid on the coffee cup before handing her the cup through the window. In other words, Ms. Legarreta alleged that Wendy’s breached its duty of reasonable care to her, its patron.
*1007 In its motion for summary judgment, Wendy’s pointed out an absence of factual support for Ms. Legarreta’s claim that the employee failed to properly secure the lid on the coffee cup. Thus, the burden shifted to Ms. Legarreta to produce factual support sufficient to show that she will be able to meet her evidentiary burden of proof at trial.
To do this, Ms. Legarreta relies on her medical records that state she told her doctor that the lid of the coffee cup was “crooked” when she was given the cup. | fiWendy’s points out, however, that Ms. Legarreta, in her deposition, denied noticing the lid of the coffee cup when it was handed to her.
Upon review, we find this testimony is not sufficient to meet Ms. Legarreta’s burden of proof that a genuine issue of material fact exists. Ms. Legarreta never testified that she personally observed that the lid was not properly secured on the cup before the accident. In fact, she specifically stated that she did not notice whether the lid was on the cup securely. Additionally, Ms. Legarreta successfully took the cup from the employee and placed it in the cup-holder without any liquid leaking from the cup. Ms. Legarreta clarified that the lid came off the cup when she picked the cup up by the lid, rather than the base of the cup. The evidence fails to demonstrate that Ms. Legarreta could carry her burden of proof at trial that Wendy’s breached its duty by failing to properly secure the lid of the coffee cup in question. As previously noted by this Court in Triche v. McDonald’s Corp., 14-318 (La.App. 5 Cir. 10/29/14), 164 So.3d 253, 259 (citation omitted), “The world in which we live is an imperfect one, one in which accidents will happen due to no one’s negligence.” In our opinion, the instant case represents such an instance.
Decree
Upon de novo review, we find that Wendy’s pointed out an absence of factual support for the cause of action in negligence, and Ms. Legarreta failed to demonstrate, through competent evidence, that she could carry her burden of proof at trial. Accordingly, we grant this writ application, vacate the trial court’s ruling, grant summary judgment in favor of Wendy’s, and remand to the trial court to dismiss Ms. Legarreta’s claim with prejudice.
WRIT GRANTED; JUDGMENT VACATED; SUMMARY JUDGMENT GRANTED; REMANDED

. In her petition, Ms. Legarreta also alleged numerous violations of the Louisiana Products Liability Act including: the temperature of the coffee was unreasonably dangerous; the cup and/or lid were unreasonably dangerous [1] and/or defective; and the company failed to warn “users and handlers" of hot coffee, coffee cups, and lids of the "characteristics and dangers” of hot coffee. On July 18, 2016, the trial judge granted summary judgment in favor of Wendy’s on these claims. That ruling is not before this Court.

. Pursuant to Acts 2015, No. 422, § 1, effective January !, 2016, La. C.C.P. art. 966 was extensively revised. In that revision, La. C.C.P. art. 966(H), which reads as follows, was added: "On review, an appellate court shall not reverse a trial court's denial of a motion for summary judgment and grant a summary judgment dismissing a case or a party without assigning the case for briefing and permitting the parties an opportunity to request oral argument.”

. As noted infra, pursuant to Acts 2015, No. 422, § 1, effective January 1, 2016, La. C.C.P. art. 966 was extensively revised.