Justin JOLIBOIX

v.

CAJUN COMFORT, INC. and Stonetrust Commercial Insurance Company

NO. 16–CA–414

Court of Appeal of Louisiana, Fifth Circuit.

December 07, 2016

COUNSEL FOR PLAINTIFF/APPELLANT, JUSTIN JOLIBOIX, Bryan D. Haggerty, D. Bruce Cameron

COUNSEL FOR DEFENDANT/APPELLEE, CAJUN COMFORT, INC. AND STONETRUST COMMERCIAL INSURANCE COMPANY, Melanie Jeanne Forbes

Panel composed of Marc E. Johnson, Robert A. Chaisson, and Robert M. Murphy

JOHNSON, J.

In this claim for workers' compensation, Claimant appeals the judgment of the office of workers' compensation's judge ("OWJ") that granted summary judgment in favor of Defendants on the issue of whether Claimant was in the course and scope of his employment at the time of his accident. For the following reasons, we reverse and remand for further proceedings.

## FACTS & PROCEDURAL HISTORY

Claimant, Justin Joliboix, filed a 1008 Disputed Claim for Compensation against his employer, Cajun Comfort, Inc. ("Cajun Comfort"), and its workers' compensation insurer, Stonetrust Commercial Ins. Co., seeking workers' compensation benefits for an injury he sustained on June 19, 2014 while attending an alleged company spon-

sored fishing trip in Grand Isle. Defendants responded by filing a motion for summary judgment asserting that Claimant was not in the course and scope of his employment at the time of the accident. Defendant argued that Claimant's accident occurred while he and other employees were in Grand Isle on a recreational trip.

In support of their motion, Defendants relied on the deposition of Keith L'Hoste, the president of Cajun Comfort, and the affidavits of several employees to show that although the fishing trip was arranged for and paid by Cajun Comfort, employees were not required to attend. Defendants pointed out that two employees did not attend the trip at issue and are still employed by the company. While Defendants acknowledged Claimant's statements in his deposition that he believed attendance was required for his employment, they asserted such statements were self-serving. Defendants further averred that the fishing trip served no business purpose, as no business was transacted and no business was discussed on the trip. Defendants maintained that everyone, including Claimant, agreed that the trip was for rest and recreation prior to the busy summer season. As such, Defendants argued there were no genuine issues of material fact that Claimant was not in the course and scope of his employment and, thus, they were entitled to judgment as a matter of law.[1]

In opposition to the motion, Claimant submitted his own affidavit and his wife's affidavit. These affidavits state that Claimant was obligated to attend the fishing trip that occurred during the work week, he was paid for the day, and no spouses were allowed to attend. Claimant also stated that Cajun Comfort paid for all expenses, including the rental of the fishing camp and all food and beverages. He further attested that Cajun Comfort authorized the use of company vehicles to travel to the event and paid for the insurance and gas.

After a brief hearing on the motion, the OWJ took the matter under advisement. Thereafter, the OWJ rendered judgment on March 22, 2016, finding that Claimant failed to meet his burden of proving he was in the course and scope of his employment when he was injured, and granted summary judgment in favor of Defendants. In her reasons for judgment, the OWJ noted the competing affidavits between Claimant and five employees of Cajun Comfort regarding whether the fishing trip was mandatory, but concluded that Claimant presented no corroborating evidence to support his allegation that he was expected or required to attend the fishing trip.

## ISSUES

Claimant argues the OWJ erred in granting summary judgment when there were clear issues of material fact regarding whether attendance at the event was mandatory or expected as evidenced by conflicting affidavits. Claimant also contends the OWJ erred in proceeding with the motion hearing when she had not received or reviewed Claimant's opposition through no fault of Claimant. He further maintains he was prejudiced by not being served with Defendants' post-hearing memorandum.

## LAW AND ANALYSIS

■ A motion for summary judgment is a procedural device used to avoid a full-

---

1. In their motion for summary judgment, Defendants stated that Claimant was intoxicated at the time of the accident. However, their motion was based solely on the issue of course and scope of employment and not the issue of intoxication.

scale trial where there is no genuine factual dispute. *Pouncy v. Winn–Dixie La., Inc.*, 15–189 (La.App. 5 Cir. 10/28/15); 178 So.3d 603, 605. Even though the summary judgment procedure is favored, it is not a substitute for a trial on the merits. *Brock v. Marathon Ashland Oil Refinery*, 07–471 (La.App. 5 Cir. 5/13/08); 986 So.2d 694, 697 . It should only be granted if the motion and supporting documents, including the pleadings, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations and admissions, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A). Inferences drawn from the underlying facts contained in the materials before the court must be viewed in the light most favorable to the party opposing the motion. *Hill v. Shelter Mutual Ins. Co.*, 05–1783 (La. 7/10/06); 935 So.2d 691, 693.

The initial burden is on the mover to show that no genuine issue of material fact exists. If the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense. The non-moving party must then produce factual support to establish that he will be able to satisfy his evidentiary burden at trial. La. C.C.P. art. 966(D). If the non-moving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. *Pouncy, supra.*

■■ Material facts are those that potentially insure or preclude recovery, affect the litigant's success, or determine the outcome of a legal dispute. *King v. Illinois National Ins. Co.*, 08–1491 (La. 4/3/09); 9 So.3d 780, 784. A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. *Id.* Whether a particular fact is material can be seen only in light of the substantive law applicable to the case. *Triche v. McDonald's Corp.*, 14–318 (La.App. 5 Cir. 10/29/14); 164 So.3d 253, 256 .

■■ In considering a motion for summary judgment, courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93–2512 (La. 7/5/94); 639 So.2d 730, 751. Specifically, credibility determinations are improper as the credibility of a witness is a question of fact. *Hutchinson v. Knights of Columbus*, 03–1533 (La. 2/20/04); 866 So.2d 228, 234. In deciding a motion for summary judgment, the court must assume that all of the affiants are credible. *Id.*

■ Appellate courts review the granting or denial of a motion for summary judgment *de novo* under the same criteria that governs the trial court's determination of whether a summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. *Triche, supra.*

■ Under the Louisiana Workers' Compensation Act, an employer is responsible for compensation benefits to an employee only when the injury results from an accident "arising out of and in the course of his employment." La. R.S. 23:1031(A). The determination of whether an injury occurred in the course and scope of employment is a mixed question of law and fact. *Dean v. Southmark Construction*, 03–1051 (La. 7/6/04); 879 So.2d 112, 117.

■ The terms "arising out of" and "in the course of" are not synonymous, but cannot be considered in isolation from each other. *Jackson v. American Ins. Co.*, 404 So.2d 218, 220 (La. 1981). The Louisiana Supreme Court has explained that |₅the term "arising out of" looks into the character or origin of the risk, while the term "in the course of" generally refers to the time and place of the accident as it relates to that of the regular employment, or employment activity. *Id.* An accident "arises out of employment" if the risk from which the injury resulted was greater for the employee than for a person not engaged in the employment or if the conditions or obligations of the employment caused the employee in the course of employment to be at the place of the accident at the time the accident occurred. *Mundy v. Dept. of Health & Human Resources*, 593 So.2d 346, 349 (La. 1992). In a close case, a strong showing in one aspect can counterbalance a relatively weak showing in the other. *Id.*

The supreme court has set forth three situations where employer-sponsored social or recreational activities will be considered as being within the course of employment:

(1) They occur on the premises during a lunch or recreation period as a regular incident of the employment; or

(2) The employer, by expressly or impliedly requiring participation, or by making the activity part of the services of an employee, brings the activity within the orbit of the employment; or

(3) The employer derives substantial direct benefit from the activity beyond the intangible value of improvement in employee health and morale that is common to all kinds of recreation and social life.

*Jackson*, 404 So.2d at 219. Using these three situations as guidelines, the courts consider the extent to which employee attendance is expected or mandatory and the benefit the employer received from the activity, such as providing an opportunity for management to socialize with their work force and encouraging good working relationships or continued loyalty to the employer, which gave rise to the injury in determining whether the employer-sponsored recreational activity is work related for purposes of workers' compensation. *See Obien v. Mitcham Peach Farms, LLC*, 43,637 c/w 43–638 (La. App. 2 Cir. 10/29/08); 997 So.2d 670,|₆673–74; *Lexington House v. Gleason*, 98–1818 (La.App. 3 Cir. 3/31/99); 733 So.2d 123, 124–25, *writ denied*, 99–1290 (La. 6/25/99); 746 So.2d 603.

The supreme court has stated that "[c]ompulsion need not take the form of a direct order, if the employee is made to understand that he is to take part in the affair." *Jackson*, 404 So.2d at 220. It has further stated that "when the employer plans a regular outing and urges his employees to go to a specified place for the purpose, continuing their pay while there, it may be said that both the time and space limits of the employment are expanded to" that day and that location. *Id.* at 221.

■ In Claimant's deposition, which was attached to Defendants' motion for summary judgment, Claimant stated that he was employed by Cajun Comfort as an electrical supervisor and supervised a number of employees. He described the fishing trip, which he had attended in the past, as an annual event paid for by Cajun Comfort that had occurred for the previous seven or eight years. He testified that he believed his attendance at the fishing rodeo was required, especially in light of the fact he was a supervisor, and noted that he was paid for the day. While he admitted that two employees did not at-

tend the event, he stated that it was expected that one or two employees would stay behind to run the shop. Claimant understood the purpose of the trip was "to build comradery, support the company, support Keith L'Hoste as Cajun Comfort, show the guys beneath me that I'm a team player, and they can depend on me...." He explained that the trip gets everyone into a team building atmosphere as opposed to being divided into supervisor, co-worker and helper.

On the other hand, the deposition of Keith L'Hoste, president of Cajun Comfort, contradicted some of Claimant's testimony. Mr. L'Hoste described the fishing trip as "[j]ust a get-away with a bunch of friends" and "was to give [the employees] a little bit rest [sic] before we got into our busy season." He stated that Cajun Comfort paid for the camp rental, the boat charter, and all food and drink, including alcohol, and that all employees were encouraged to participate. However, he denied that any employee was required or expected to attend. This testimony was corroborated by the affidavits of several employees.

We find this case analogous to *Lexington House, supra.* In *Lexington*, the claimant, who was employed as the director of nurses for a nursing home, sought workers' compensation benefits for injuries she sustained in a softball tournament in which her employer participated by fielding a team. The OWJ granted summary judgment in favor of the claimant's employer, finding that the claimant was not in the course and scope of her employment.

The softball tournament was held on a Saturday. The employees who participated were required to be off duty at game time and were not paid for their participation. The purpose of the tournament was to "have a good time," boost morale, and facilitate public relations for the Patient Activity Directors Association for the Louisiana Nursing Home Association, who sponsored the tournament, and its members. The claimant's employer, along with several other area nursing homes, entered a team for the tournament. The employer was unable to field a full team and nonemployees were allowed to participate on its team. The claimant maintained that participation in the softball tournament was mandatory for her because of her position as director of nurses. In her deposition, the claimant testified that she did not want to play but that her supervisor and administrator of the nursing home talked to her on several occasions about playing. The claimant stated that her supervisor told her that she was expected to be there, but she admitted he did not say something negative would happen to her if she did not play. She understood from his tone and his words that she was expected to participate.

On the other hand, the employer provided an affidavit from the supervisor that no employee was expected or coerced in any way to play or participate in the tournament. The employer also provided affidavits from four employees who stated they were told that participation in the tournament was strictly voluntary and that they were not coerced or pressured in any way to participate. Three of the employees attested that they chose not to participate.

In reversing the OWJ's granting of summary judgment, the Third Circuit found that the OWJ erred in making credibility determinations and weighing the evidence. The court noted that there was conflicting evidence as to whether the claimant was under compulsion to participate in the tournament, and that in granting summary judgment the OWJ obviously discounted the claimant's deposition testimony. It further noted that there were genuine issues of material fact as to whether the employ-

er's purpose was served by the activity. It commented that if the employer required employee participation, "the inference could be drawn that there would have been some benefit to the employer." *Lexington,* 733 So.2d at 127. Based on these issues, the court concluded that summary judgment was inappropriate.

In the present case, like *Lexington,* there is conflicting evidence regarding the extent to which Claimant's participation in the fishing trip was expected. In both Claimant's deposition and affidavit, he states that attendance at the event was mandatory. Claimant offers additional uncontested facts that support his belief that he was required to attend the event. The fishing trip occurred on a Thursday and Friday and the employees who attended were paid for these days. The employees left directly from work premises on Thursday at 11:00 a.m. to travel to Grand Isle for the event. Company vehicles were used to travel to the event and the company paid for the gas and related insurance. All food, drink and lodging at the event were paid for by the employer. Spouses and children were not allowed to attend ₆the event, although there is indication that the employer had at least one of his relatives attend.

Conversely, the owner of Cajun Comfort testified in his deposition that no employee was required to attend. Additionally, several employees attested that they were not required or expected to attend the fishing trip.

Upon *de novo* review, we find there are genuine issues of material fact regarding whether the employees' attendance at the event was expected by Cajun Comfort and whether Cajun Comfort received any benefit from the employees' attendance at the event. It is clear that the OWJ impermissibly made a credibility and weight determination of the evidence presented by both parties when considering the motion for summary judgment. Although we recognize that the OWJ will ultimately be the trier of fact in any claim for workers' compensation, the OWJ may not make any factual and credibility determinations in ruling on a motion for summary judgment. Although summary judgments are favored, they are not a substitute for a trial on the merits, which is designed to evaluate the facts when credibility is at issue.

The remaining procedural issues raised by Claimant are moot.

### DECREE

For the foregoing reasons, we find that Defendants are not entitled to summary judgment on the issue of whether Claimant was in the course and scope of his employment at the time of the accident, as genuine issues of material fact remain. Accordingly, we reverse the March 22, 2016 judgment of the OWJ granting summary judgment and remand the matter for further proceedings.

### REVERSED AND REMANDED