JOHNSON, J.
| plaintiffs appeal the granting of summary judgment in favor of Defendants, *931 dismissing the claims of all Plaintiffs except Miranda Melerine and her parents, Mr. and Mrs. Melerine. For the following reasons, we reverse.
On April 10, 2008, twenty-two plaintiffs and their parents filed suit against the Jefferson Parish School Board, Judy Gardner and Germain Gilson claiming they were arbitrarily denied entry into their 2007 senior prom at L.W. Higgins High School (“Higgins”). Plaintiffs alleged that Ms. Gardner, a teacher at Higgins, and Ms. Gilson, the principal at Higgins, refused to allow them into the prom by negligent and discriminatory enforcement of an illegal dress code. Plaintiffs asserted they had a constitutional right to attend prom and that Ms. Gardner and Ms. Gilson arbitrarily and capriciously denied them of this constitutional right.
Defendants filed a motion for summary judgment claiming they were entitled to judgment as a matter of law because Plaintiffs would not be able to show: (1) they were deprived a cognizable liberty or property interest so as to establish a violation of a constitutional right; (2) the parish-wide dress code was illegal, or that it was implemented without authority or was arbitrary, capricious or discriminatory; or that (3) Defendants breached any duty to Plaintiffs in enforcing the dress code so as to establish a negligence claim.
In support of their summary judgment, Defendants attached the 2006-2007 Jefferson Parish School Board’s Procedure and Policies Handbook for Parents and Students (“the Handbook”), a memo addressed to the Senior Class of 2007 with a copy of the Higgins’ dress code for formal dances attached, and the depositions of Ms. Gilson and Ms. Gardner. According to Ms. Gilson, the Handbook, which is given to every public school student in the parish, sets forth a parish-wide policy for public schools that governs the attire for formal dances. Ms. Gilson stated that the dress code set forth in the Handbook was the only policy that existed and was |2the policy followed by her and her staff at prom. She explained that no one was denied entrance to prom for any reason other than the fact their attire violated the dress code set forth in the Handbook. Ms. Gilson further stated that alterations were available, including pins, needle and thread, and shawls, but not all students were amenable to alterations.
Plaintiffs opposed the motion and attached several exhibits to their opposition, including the depositions of Ms. Gilson and Ms. Gardner; the affidavits of two plaintiffs, Miranda Melerine and her father, Wayne Melerine, which stated that Miranda obtained approval of her dress prior to prom but was nonetheless denied entry to prom; and the affidavit of Rebecca Frickey, who was a senior at Higgins in 2007 and was allowed entrance into the prom. Plaintiffs argued that the dress code was vague and that Ms. Gardner did not apply the dress code in a uniform manner to all students. In support of their argument, Plaintiffs relied on portions of Ms. Gardner’s deposition where she indicated certain dresses in photographs presented to her did not meet the dress code policy, but according to the affidavit of Rebecca Frickey, she was allowed entrance to the prom even though Ms. Gardner testified in her deposition that Rebecca’s dress did not conform to the dress code. Plaintiffs further maintained that Ms. Gardner and Ms. Gilson had a duty to enforce the dress code uniformly and that they failed to do so, thereby breaching their duty and causing Plaintiffs damages.
At the hearing on the motion for summary judgment, Plaintiffs’ counsel admitted that he was not challenging the authority of the Jefferson Parish School Board to adopt and implement a student dress code. *932 Plaintiffs’ counsel further agreed that he was not questioning the dress code itself. Thus, Plaintiffs were no longer asserting the dress code was illegal. Rather, the issue, as raised in Plaintiffs’ petition, was whether the dress code was uniformly and fairly applied to all students or was arbitrarily applied.
| aAt the conclusion of the healing, the trial court granted summary judgment in favor of Defendants, dismissing all of Plaintiffs’ claims except the claim of Miranda Melerine and her parents regarding the arbitrary application of the dress code. The trial court determined that a genuine issue of material fact existed as to whether the dress code was arbitrarily applied against Miranda because she presented an affidavit that stated she had obtained prior approval of her dress from school administrators but yet was denied entrance to the prom. The trial court found no issues of fact as to the remaining plaintiffs because there was no evidence the dress code was arbitrarily applied against them. A written judgment was signed on November 30, 2015. Plaintiffs appeal this judgment, arguing that the trial court erred in granting summary judgment and dismissing the claims of all Plaintiffs except Miranda Melerine and her parents.
A motion for summary judgment is a procedural device used to avoid a full-scale trial where there is no genuine factual dispute. Pouncy v. Winn-Dixie La., Inc., 15-189 (La.App. 5 Cir. 10/28/15), 178 So.3d 603, 605. Even though the summary judgment procedure is favored, it is not a substitute for a trial on the merits. Brock v. Marathon Ashland Oil Refinery, 07-471 (La.App. 5 Cir. 5/13/08), 986 So.2d 694, 697. It should only be granted if the motion and supporting documents, including the pleadings, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations and admissions, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A).
The initial burden is on the mover to show that no genuine issue of material fact exists. If the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action or defense. The non-moving party must then produce factual support to establish that he will be|4able to satisfy his evidentiary burden at trial. La. C.C.P. art. 966(D). If the non-moving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. Pouncy, supra.
Material facts are those that potentially insure or preclude recovery, affect the litigant’s success, or determine the outcome of a legal dispute. King v. Illinois National Ins. Co., 08-1491 (La. 4/3/09), 9 So.3d 780, 784. A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. Id. Whether a particular fact is material can be seen only in light of the substantive law applicable to the case. Triche v. McDonald’s Corp., 14-318 (La.App. 5 Cir. 10/29/14), 164 So.3d 253, 256.
In considering a motion for summary judgment, courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La. 7/5/94), 639 So.2d 730, 751. Specifically, credibility determinations are improper as the credibility of a witness is a question of fact. Hutchinson v. Knights of Columbus, 03-1533 (La. 2/20/04), 866 So.2d 228, 234. In deciding a motion for summary *933 judgment, the court must assume that all of the affiants are credible. Id.
Appellate courts review the granting or denial of a motion for summary judgment de novo under the same criteria that governs the trial court’s determination of whether a summary judgment is appropriate—whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Triche, supra.
Under La. R.S. 17:416.7, a parish school board may adopt necessary rules and regulations to implement a dress code. Under this authority, the Jefferson Parish School Board set forth a parish-wide dress code, which it published in and disseminated to students through the Handbook. The dress code specified that “[a] | ¿student will dress appropriately for school, extracurricular, and co-curricular activities,” and provided, in pertinent part:
f. A student’s clothing for school and school-sponsored activities will be modest in appearance and style so that it does not cause or have the potential of creating a safety hazard and/or a disruption or distraction for others in the educational environment.
i. A student will not wear clothing that is tight fitting, including but not limited to bike pants, leggings, stretch-knit or spandex pants, dresses, skirts, pants, slacks, shorts, shirts or blouses which are tight fitting.
ii. A student will not wear clothing with holes in it.
iii. A student will not wear see-through or fishnet clothing unless proper opaque undergarments are worn so that the student’s torso is not visible.
iv.A student will not wear clothing that exposes the student’s back, chest or midriff.
The Handbook further stated that
[t]his student handbook provides policies established by state law, the School Board, and the school system administration. These are parish-wide policies which are uniformly applicable to all schools.
Each individual school, however, has the right to formulate and to enforce school policies as long as these are not in conflict with state and parish school administration policies.
Under this authority, Higgins implemented a formal dance dress code in addition to the dress code set forth in the Handbook, which it disseminated to the senior class of 2007 through a “senior packet.” The Higgins’ formal dance dress code provided:
GIRLS: Dresses may be strapless or have spaghetti straps, but no “bra” type or swim wear” [sic] type tops are acceptable. Bare to waist or open backs are acceptable; however, bare stomachs or bare midriffs are not; this includes dresses that have sheer material across the stomach or midriff. Any slits above mid thigh [sic] are not acceptable. Cutouts above mid-thigh are not acceptable. Any dress that is extremely low-cut or extremely tight is not acceptable.
BOYS: Formal attire may be classified as a tuxedo or dress suit, including a tie, bow tie, a turtle neck, a shirt, or a priest-collar shirt, which may include a vest or cummerbund. Dress shoes must be worn, no tennis shoes, no head bands, visors, or hats with the exception of a hat that is part of the tuxedo attire. Any student choosing to come to any function dressed inappropriately according to these guidelines will not be allowed to participate.
*934 | riThe validity of the rules and regulations promulgated by a school board for the operation of schools under its supervision must be interpreted in light of the equal protection clause of the United States Constitution, Amendment XIV, Section 1, and the due process clause of the Louisiana Constitution. Estay v. Lafourche Parish School Bd., 230 So.2d 443, 447 (La. App. 1st Cir. 1969). The requirements of the equal protection clause of the U.S. Constitution and the due process clause of the Louisiana Constitution are fulfilled when the laws or regulation involved equally affect all persons similarly situated. Id. A school board’s policies must be fair, and the courts will not interfere with the enforcement of the policies as long as the policies are not arbitrary and unreasonable and all in the same classification are accorded uniform treatment. Id. at 450.
Upon de novo review, we find there is a genuine issue of material fact as to whether the dress code was uniformly applied to all students attending prom. According to Ms. Gardner, although any teacher could have denied entrance to a student based on a violation of the dress code, she was the main person in charge of ensuring that the students’ attire conformed to the dress code. She explained that she only recommended whether a student be denied entrance based on a dress code violation and that the final decision was a collaborative effort between her and an administrator, such as an assistant principal or the principal. Ms. Gardner testified that she based all her decisions on •the dress code set forth by the parish.
During her deposition, Ms. Gardner was shown several photographs of girls in formal dresses and asked whether the dresses complied with the dress code in effect at the time of the 2007 prom and whether she would have allowed the girl entrance to the prom.[1] While Ms. Gardner qualified her responses on the basis she could not tell from most of the photographs based on the angle of the photo, the |7clarity of the photo and the fact some of the photographs did not adequately show the full dress, she testified that certain dresses were “too low” and exposed “too much cleavage.”
In Rebecca Frickey’s affidavit, she stated that she was one of the girls in a photograph shown to Ms. Gardner during her deposition. She testified that Ms. Gardner indicated that Rebecca’s dress exposed too much cleavage; however, Rebecca stated that Ms. Gardner allowed her entrance to the prom. Rebecca also testified that several other photographs shown to Ms. Gardner during her deposition were taken inside of prom of girls that were allowed into prom despite Ms. Gardner’s deposition testimony that the girls’ dresses were unacceptable based on the exposure of too much cleavage.
We find this evidence creates a genuine issue of fact as to whether the dress code was uniformly applied to all students similarly situated. As previously noted, evidence may not be weighed and the credibility of witnesses may not be considered in ruling on a motion for summary judgment.
Wfiiile we do not express any opinion regarding the merits of Plaintiffs’ claims, we find that the evidence presented in the motion for summary judgment and the opposition creates a genuine issue of material fact that precludes summary judgment. Accordingly, we reverse the trial *935 court’s judgment granting summary judgment in favor of Defendants and dismissing the claims of all Plaintiffs except Miranda Melerine and her parents. This matter is remanded for further proceedings consistent with this opinion. Appel-lees, the Jefferson Parish School Board, Judy Gardner and Germain Gilson, are to bear the costs of this appeal.
REVERSED AND REMANDED

. Although during Ms. Gardner's deposition Plaintiffs’ counsel seemed to indicate that the photographs were of Higgins' students that attended or attempted to attend prom, he failed to establish such a fact while questioning Ms. Gardner.